IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| FRANCES MLADAN AND MILOS MLADAN § § § | |
| Complainants § § | |
| VS. § | CIVIL ACTION NO. 1:18-cv-00603-AWA |
| § WAL-MART STORES TEXAS, LLC § § | JURY TRIAL DEMANDED |
| Defendant § | |

**COMPLAINANT FRANCES MLADAN'S MOTION TO COMPEL DEFENDANT, WAL-MART STORES TEXAS, LLC TO RESPOND ADEQUATELY TO COMPLAINANT'S REQUESTS FOR DISCOVERY**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, FRANCES MLADAN, hereinafter referred to as "Complainant," and asks the Court to compel Defendant, WAL-MART STORES TEXAS, LLC, hereinafter referred to as "Defendant," to respond to Complainant's First Request for Production and Second Request for Production.

**RELIEF REQUESTED**

Complainant requests that Honorable Court overrule Defendants' objections and enter an order requiring Defendants to respond adequately to Complainant's First and Request for Production Nos. 6, 7, 8, 9, 10, 11, 12, 15, 16, 18, 19, 21, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, and 34 and Second Request for Production Nos. 1-3.

## FACTS & ARGUMENT

1. This cause of action against Defendant Wal-Mart is for its direct negligence related to the hiring, training, and supervision of its employees, and its vicarious liability for its employee's negligence resulting in serious personal injuries suffered by Complainant, Frances Mladan, on or about November 23, 2016, at Wal-Mart Store Number 1303, located in Georgetown, Williamson County, Texas.  ***See Complainants' Original Complaint, para. 1.1 and Complainants' Motion for Leave to File Amended Complaint, Document 25.***

2. On November 23, 2016, around 2:00 p.m., Complainant Frances Mladan went to the Wal-Mart Store Number 1303 to shop for goods. At the same time, Mrs. Mladan walked into the shopping cart area to retrieve a shopping cart to the right of the entrance door. The shopping carts were depleted, and she had to walk more than halfway back into the shopping cart holding area towards the garage bay door enclosure to retrieve a shopping cart.  ***See Complainants' Original Complaint, para. 5.1 and Complainants' Motion for Leave to File Amended Complaint, Document 25.***

3. Mrs. Mladan selected a shopping cart and turned around and began pushing it to exit the shopping cart holding area to begin shopping. Suddenly and without warning, a Wal-Mart employee pushed a long train of shopping carts through the low garage bay door enclosure into the shopping cart holding area striking Mrs. Mladan in her low back/left hip/sacral area. Mrs. Mladan held on to the cart to keep from falling.  ***See Complainants' Original Complaint, para. 5.2 and Complainants' Motion for Leave to File Amended Complaint, Document 25.***

4. The force from the hit from the train of shopping carts to Mrs. Mladan left lower back and buttocks caused her to suffer injuries to her sacroiliac joint. The sacroiliac joint injury has caused severe pain and significant physical impairment of her mobility requiring extensive medical treatment of more than 113 medical visits, including multiple emergency room visits, hospital admissions, imaging films, nerve conduction studies, orthopedic treatment, sacroiliac injections, lumbar ESIs, two (2) sacroiliac joint fusion surgeries, physical therapy, and pain management services that include injections and narcotic pain medications and continued follow-up care. ***See Complainants' Original Complaint, para. 5.4 and Complainants' Motion for Leave to File Amended Complaint, Document 25.***

5. On October 5, 2018, Complainant served Defendant, Wal-Mart Stores Texas, LLC, with Complainant Frances Mladan's First Request for Production pursuant to Rule 34 of the Federal Rules of Civil Procedure. ***See Exhibit "A" attached hereto.***

6. On November 1, 2018, Complainants agreed to grant Defendant an extension to answer Complainant's Request for Production.

7. On November 19, 2018, Defendant served its response to Complainant's Request for Production, objecting to many of Complainant's requests. ***See Exhibit "B" attached hereto.***

8. On December 6, 2018, counsel for Complainants sent counsel for Defendant a letter attempting to resolve Defendant's objections. Complainants' counsel laid out reasons why each of the objected-to requests are relevant to any party's claims or defenses and proportional to the needs of the case. ***See Exhibit "C" attached hereto.***

9.  On January 24, 2019, Defendant's Counsel mailed a letter to Complainants' counsel with an enclosed CD containing document production. Defendant did not remove any objections and only produced limited documentation responsive to Complainant's Request for Production. *See Exhibit "D" attached hereto.*

10. On February 25, 2019, Complainant served Defendant, Wal-Mart Stores Texas, LLC, with Complainant Frances Mladan's Second Request for Production pursuant to Rule 34 of the Federal Rules of Civil Procedure. *See Exhibit "E" attached hereto.*

11. Complainant's Counsel made additional attempts to obtain full discovery responses from Defendant and to have Defendant remove objections. *See Exhibit "F" attached hereto.*

12. Defendant's noncompliance with the discovery requests thwarts Complainants' discovery efforts, prevents effective preparation of the case in order to move towards either settlement or a trial and conceals relevant facts.

13. Complainant respectfully requests the Court overrule Defendant's objections and order Defendant to serve upon Complainant full and complete responses to First Request for Production Nos. 6, 7, 8, 9, 10, 11, 12, 15, 16, 18, 19, 21, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, and 34 and Second Request for Production Nos 1, 2 and 3 within three (3) days of the entry of said order so that Complainants can adequately prepare this case for settlement or trial.

14. Complainant incorporates by reference herein *Exhibit C – Complainant's letter to Defendant, dated December 6, 2018*, which states the factual and legal support for her First Request for Production Nos. 6, 7, 8, 9, 10, 11, 12, 13, 15, 16, 18, 19, 21, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, and 34.

15. Complainant also requests that the Court order Defendant to adequately respond to Complainant Frances Mladan's Second Request for Production Nos. 1-3 with full document production. The three requests associated with Complainant Frances Mladan's Second Request for Production relate to production of documents concerning other similar incidents.

16. Complainants are entitled to discovery documents and information that are relevant to the claims and defenses in the case and proportional to the needs of the case. FRCP 26(b)(1), (b)(2)(C)(iii).

17. Complainants' claims are based upon allegations of negligence and gross negligence against Defendant for the negligent activity of Defendant's employee that caused her to suffer serious injuries and damages. Complainants' negligence-based claims are rooted in proving both foreseeability of the incident and foreseeability of the injuries and damages. Accordingly, discovery concerning other similar incidents where a customer or employee has been injured by a Defendant's use of a shopping cart or shopping carts is relevant to the issue of foreseeability of the incident and the injuries and damages.

18. Complainants have narrowly tailored the three requests in Complainant Frances Mladan's Second Request for Production, limiting the requests to production of Defendant's incident reports, customer incident reports, and petitions and/or complaints filed against Defendant related to incidents in Texas from 11/23/2011 to 11/23/2016 where a customer was struck by one or more shopping carts. ***See Exhibit "E" attached hereto.***

19. This case is presently before this Court based upon a diversity of citizenship between the parties, pursuant to 28 U.S.C. § 1332. The Texas Supreme Court has held that evidence of

      other similar incidents is admissible to support the foreseeability element in a negligence cause of action of a premises owner's negligence.  See Missouri Pac. R. Co. v. Cooper, 563 S.W.2d 233, 236 (Tex. 1978); Timberwalk Apartments, Partners, Inc. v. Cain, 972 S.W.2d 749, 758 (Tex. 1998).  This also extends to premises liability cases like the one presently before this Court.  See McEwen v. Wal-Mart Stores, Inc., 975 S.W.2d 25 (Tex.App.-San Antonio 1998, pet. denied)(finding error where the trial court excluded evidence of other similar incidents involving floor mats, which deprived the plaintiff of the opportunity to prove notice).

20.   Texas courts have permitted discovery of documentation and information based upon requests almost identical to Complainant's Second Request for Production Nos. 1-3:

> In re HEB Grocery Company, L.P., 13-10-00533-CV (Tex.App.-Corpus Christi, 2010) – upholding trial court's decision to require H.E.B. to "produce all incident reports related to motorized vehicles ridden by customers inside HEB stores in any of the HEB [s]tores in Texas for the years 2004 through November 30, 2009." ***See Exhibit G attached hereto.***
>
> In re HEB Grocery Co., 375 S.W.3d 497 (Tex.App.-Houston [14th], 2012) – permitting discovery of witness statements about "slip and fall incidents caused by a liquid substance" on the floor of HEB's premises.
>
> In Re Waste Management of Texas, Inc., No. 13-11-00197-CV, (Tex.App.-Corpus Christi Aug. 31, 2011) (permitting discovery of other similar lawsuits arising from trash truck collisions in Texas during a 5-year period).  ***See Exhibit H attached hereto.***
>
> Brookshire Bros., Inc. v. Wagnon, 979 S.W.2d 343, 348 (Tex. App.—Tyler 1998, pet. denied) (evidence of prior injuries from lifting heavy box was relevant to show that the defendant could have foreseen that the failure to provide necessary equipment or to require team lifting might have contributed to plaintiff's injury).

21. Complainant's requests concerning other similar incidents are proportional to the needs of the case. Discovery concerning other similar incidents is important for the Complainants to know the information concerning other similar incidents is evidence of foreseeability, both as to liability and damages, related to Complainants' negligence and gross negligence claims against Defendant. The amount in controversy is more than a million dollars given Complainant's significant and serious injuries that justify a significant jury verdict in that range. Access to the relevant information is easy for the Defendant to access since Defendant either created the documents requested or had them prepared for corporate use. We also know from prior litigation that Defendant maintains comprehensive claims reports that are accessible through its risk management department. Defendant's resources are not at issue to provide this information as Defendant is a wholly owned subsidiary of a multi-billion-dollar corporation. This information is important in discovery to prove Complainants' allegation of negligence against Defendant. Finally, the burden or expense of this discovery does not outweigh its likely benefit.

22. Furthermore, Complainants have recently discovered three (3) other similar cases where Defendant's employees have struck customers and caused serious injuries before and after the incident made the basis of this lawsuit. Those matters are as follows:

    a. *Tammie Costa v. Walmart Stores, Inc. et al.* Cause No. 34825360411, in the District Court of Tarrant County, Texas. ***See Exhibit I – Plaintiff's Original Petition and Request for Disclosure***;

    b. *Feroz Sayed v. Wal-Mart Stores East, Inc.*, Civil Action No. 2:15:cv-00118-DBH, in the Docket No. PORSC-CV-2015, in the United State District Court, District of Maine. ***See Exhibit J – Complaint***; and

      c.    *Jesus Molina v. Wal-Mart Stores Texas, LLC and Brandon San Miguel*, Civil Action No. 5:18-cv-1273, In the United States District Court for the Western District of Texas, San Antonio Division. ***See Exhibit K – Plaintiff's First Amended Petition.***

23. On this basis, Complainant requests the Court enter an order compelling Defendant to serve complete responses with responsive documentation within 3 business days of the order.

24. Complainant's requests are within the permissible scope of discovery allowed under the Federal Rules of Civil Procedure. Defendant has failed to comply with the rules, has asserted improper objections, and failed to serve full and/or complete responses. Complainant respectfully asks the Court overrule Defendant's objections, compel Defendant to respond adequately, and award Complainant's attorney's fees and expenses incurred in preparing this motion and attending a hearing on the motion.

WHEREFORE PREMISES CONSIDERED, Complainant prays that this Honorable Court set this motion for hearing and, after the hearing, order Defendant to pay Complainant's attorney's fees and expenses incurred in filing this Motion and attending said hearing.

                                               **ERSKINE & BLACKBURN, L.L.P.**

                                               By: /s/ Blake C. Erskine, Jr.
                                               BLAKE C. ERSKINE, JR.
                                               State Bar No. 00786383
                                               E-Mail: berskine@Erskine-Blackburn.com

                                               MARK B. BLACKBURN
                                               State Bar No. 02388990
                                               E-Mail: mblackburn@Erskine-Blackburn.com

                                               TIMOTHY B. MOSS
                                               State Bar No. 24070304

E-Mail: tmoss@Erskine-Blackburn.com

6618 Sitio del Rio Blvd., Bldg. C-101
Austin, Texas  78730
Telephone (512) 684-8900
Facsimile (512) 684-8920

**ATTORNEYS FOR COMPLAINANT**

**CERTIFICATE OF SERVICE**

By my signature below, I certify that a true and correct copy of the attached document has been forwarded to the attorney of record listed below via CMRRR, facsimile or electronic mail on this 21st day of June 2019, in accordance with the Federal Rules of Civil Procedure.

Brett H. Payne, Esq.
Walters Balido & Crain, L.L.P.
Great Hills Corporate Center
9020 North Capital of Texas Highway
Building II, Suite 225
Austin, TX 78759

**ATTORNEYS FOR DEFENDANT**

/s/ Timothy B. Moss
Timothy B. Moss