

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| FRANCES MLADAN AND <br> MILOS MLADAN <br><br> Complainants <br><br> VS. <br><br> WAL-MART STORES TEXAS, LLC <br><br> Defendant | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. <u>1:18-CV-00603-RP</u> <br><br> JURY TRIAL DEMANDED |

## COMPLAINANT FRANCES MLADAN'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT WAL-MART STORES TEXAS, LLC

TO: Defendant, Wal-Mart Stores Texas, LLC, by and through its attorney of record, Brett H. Payne, Walters Balido & Crain, L.L.P., Great Hills Corporate Center, 9020 North Capital of Texas Highway, Building II, Suite 225, Austin, TX 78759.

You are hereby served with Request for Production pursuant to FED. R. CIV. P. 34. Your responses to the Request for Production are to be preceded by the particular Request for Production to which the response pertains. You are to serve your responses upon Complainant within fifty (50) days after you receive these requests at the following law office:

BLAKE ERSKINE, JR.
ERSKINE & BLACKBURN, L.L.P.
6618 SITIO DEL RIO BLVD., BLDG. C-101
AUSTIN, TEXAS 78730
(512) 684-8900 - Telephone
(512) 684-8920 - Facsimile
berskine@erskine-blackburn.com

If you object to answering these interrogatories, or any part thereof, you shall serve your objections upon Complainant Frances Mladan in writing within fifty (50) days from receiving these discovery requests.

You are advised that pursuant FRCP 34 (b)(2), photographic copies of documents responsive to the Request for Production shall be served with Defendant's response, but if they are voluminous, the response must state a reasonable time and place for the production and/or inspection of the documents.

You are further advised that an evasive or incomplete response is to be treated as a failure to respond. You are expected to supplement your responses in accordance with FRCP 26(e)(1). If you fail to respond to these discovery requests as set forth above and in accordance with FRCP 34, Complainants may move for sanctions against you pursuant to FRCP 37(a)(3)(B)(iii).

## DEFINITIONS

As used herein, the following terms are defined as follows:

(a)   "Complainants" means Frances Mladan and Milos Mladan and all other natural persons or business or legal entities acting or purporting to act for or on their behalf.

(b)   "Defendant" means Wal-Mart Stores Texas, LLC, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of Defendant.

(c)   "Wal-Mart Store," refers to the Wal-Mart Store #1303 located at 620 S. Interstate 35, in Georgetown, Williamson County, Texas.

(d)   "Incident" as that word is used herein means and refers to the November 23, 2016, incident in Wal-Mart Store #1303, wherein Frances Mladan was struck by a row of shopping carts and sustained severe injuries as referred to in Complainants' Original Complaint or any other subsequent amended pleading.

(e)   "Action," "suit," or "claim" means the instant litigation brought by Complainants against Defendant Wal-Mart Stores Texas, LLC.

(f)   "Person" means any natural person, public or private corporation, partnership, joint venture, association, group, government, or governmental entity (including any governmental agency or political subdivision of any government), and any other form of business or legal organization arrangement.

(g)   "Occupation" means a full, accurate and complete description of the nature, type, title and employment carried on by the person inquired about; the name and address of their employer; and, the date(s) such occupation began and terminated.

(h)   "Document" means anything which may be considered to be a document or tangible thing within the meaning of Rule 34 of the Federal Rules of Civil Procedure and means

the original, or any copy if the original is not available, of writings and tangible things of every kind and description, and includes, but is not limited to, any drawing, graph, photograph, film, video, phonorecord, report, minutes, transcript, memorandum, notes, jottings, paper, letter, correspondence, communication, invoice, contract, check, check stub, accounting ledger, chart, map, plat, tape, disk, card, wire and any other electronic, magnetic or mechanical recording or transcript of any other instrument or device which contains any information or from which any information can be derived or retrieved. The term "document" also includes copies containing any information in addition to or in any way different from that contained in or on the original, and all attachments, enclosures or documents affixed or referred to in any documents to be described pursuant to these requests.

    (i)    "Describe" means a detailed statement of all things relating to or affecting the particular subject to be described including, but not limited to, times, dates and places and the names and complete mailing addresses of any persons involved. With reference to documents, communications, and agreements, the term "describe" also includes a detailed statement of the substance of the facts and opinions made reference to or stated in each document, communication or agreement.

    (j)    "Identify" when referring:

        (1)    To a person means to state their age, full name, residential address and phone number, business address and phone number, occupation and employer.

        (2)    To a public or private corporation, partnership, association, agency or other entity means to state its name, address, state of incorporation, if applicable, and major purpose or business activity.

        (3)    To a statement means to identify the person(s) who made it, took it, recorded it, or received it; the date and location of where it was made; how it was recorded or transcribed and what machines or instruments were used to record or transcribe it, if any; the name(s) and address(es) of any person(s) who was present during the making thereof, or who has personal knowledge that it was made and of its content(s); and, the name(s) and address(es) of any person(s) who presently has possession or last known possession, custody or control thereof.

        (4)    To a document means to identify its date, state its general contents, including, if applicable, where, when and how it was made, the name(s) and address(es) of the person(s) who made it, received it, and who has possession or last known possession, custody or control of such document, provided, however, that answers to interrogatories requesting identifications or descriptions of certain communications or documents may be satisfied by attaching a true and correct copy of any written documents, as described herein, containing the requested information; and

        (5)    To any other tangible thing means to give a detailed description thereof, including, if applicable, where, when and how it was made, the name(s) and

address(es) of the person(s) who made it, and identify who presently has possession or last known possession, custody and control of such thing.

(k) "Statement" means any written or graphic statements signed or otherwise adopted or approved by the person making it, and any stenographic, mechanical, electrical or other recording or transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

(l) The word "any" includes the word "all," and "all" includes the word "any."

(m) The words "and" and "or" shall be both conjunctive and disjunctive.

(n) The words "you" and "your" refer to the Defendant defined in subdivision (b).

(o) "Negligence" means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

(p) "Ordinary care" means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

(q) "Proximate cause" means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate of an event.

(r) "Consulting Expert" means any expert who has been informally consulted, retained, or specially employed by you, or by any other Defendant, in anticipation of litigation or preparation for trial or deposition, but who will not be called to testify, whose opinions and/or mental impressions, including any documents, tangible things, test results, factual observations, data, or work product containing such mental impressions and opinions, have been reviewed by a testifying expert.

"Consulting Expert" does not include an expert who has been informally consulted, retained, or specially employed by you in anticipation of litigation or preparation for trial or deposition that will not be called to testify, whose opinions and/or mental impressions have not been reviewed by a testifying expert.

Respectfully submitted,

**ERSKINE & BLACKBURN, L.L.P.**

By:   */s/ Blake C. Erskine, Jr.*

Blake C. Erskine, Jr.
Federal Bar No. 27042
State Bar of Texas No. 00786383
Email: berskine@erskine-blackburn.com

Mark B. Blackburn
Federal Bar No. 14680
State Bar of Texas No. 02388990
Email: mblackburn@erskine-blackburn.com

Timothy Moss
State Bar No. 24070304
Email: tmoss@erskine-blackburn.com

6618 Sitio del Rio Blvd.,
Building C-101
Austin, Texas 78730
Telephone (512) 684-8900
Facsimile (512) 684-8920

**ATTORNEYS FOR COMPLAINANTS**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing instrument was served by facsimile in accordance with the Federal Rules of Civil Procedure, this 5th day of October, 2018, to the following attorney of record:

Brett H. Payne, Esq.
Walters Balido & Crain, L.L.P.
Great Hills Corporate Center
9020 North Capital of Texas Highway
Building II, Suite 225
Austin, TX 78759

**ATTORNEY FOR DEFENDANT,
WAL-MART STORES TEXAS, L.L.C.**

                                        */s/ Blake C. Erskine, Jr.*
                                        BLAKE C. ERSKINE, JR.

## COMPLAINANT FRANCES MLADAN'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT WAL-MART STORES TEXAS, LLC

**REQUEST FOR PRODUCTION NO. 1:** Copies of all **written statements** taken from Complainant by Defendant, or anyone acting on Defendant's behalf.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** Copies of all **statements** taken by you, or someone on your behalf, from witnesses and persons with knowledge of relevant facts which were taken in the ordinary course of business of the Defendant, or by anyone acting on Defendant's behalf related to the incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** All **photographs, videotapes, movies, visual images and/or other graphic representations** of the scene of the incident, the incident, and/or of Complainants immediately before, during or at any time after the incident, including video or photographic images of the incident as described in Complainants' Original Complaint or any subsequent amended versions.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** The **original raw footage of all surveillance video** and/or photographs that Defendant's agents, servants, and/or employees have captured of Complainant before, during and after the incident in question.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:** All **investigative and incident reports relating to the incident** in question, including all documents which were generated or obtained by or on behalf of the Defendant, before a reasonable person would have concluded from the circumstances that there was a substantial chance of litigation.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:** Produce a copy of any company manual, employee manual, safety manual, instructions, guide, and/or handbook that are in your possession which contain rules, regulations, suggestions or information for employees to follow in **preventing injury events, and/or how to handle injury events once an incident** has occurred.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:** All policies, procedures, videos, instructions, manuals, records, notations, or memoranda given to employees relating to **re-stocking shopping carts in the store, moving shopping carts around customers and moving shopping carts in the shopping cart holding area** at the Wal-Mart Store at issue in this case from the date it opened to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:** Copies of policies and procedures concerning **Accident Reviews** that were effective on the date of the incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:** All **Associate Incident Log reports** prepared or processed for the subject incident

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:** Copy of **Wal-Mart Risk Management Resource Manual** that was effective on the date of incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:** Copy of the **Wal-Mart Associate Handbook** that was effective on the date of the incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:** All documents concerning the **design of the shopping cart holding area** at issue in this case including but not limited to the lighting, garage door – size and height, who was responsible for the design, and qualifications and experience of person(s) who designed.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:** For all **other similar incidents** that occurred between 2008 through 2018 that involve an incident where a customer and/or employee was hit by a shopping cart(s) being pushed by a Wal-Mart and/or Sam's employee that occurred at any Wal-Mart Store or Sam's Club Store in the State of Texas each of the following:

   a. All incident reports;
   b. All witness statements;
   c. All photographs and videos depicting such incidents;

    d. All notices of written claims by customers and/or employees involved in such incidents;
    e. If a lawsuit was filed against you as a result of such incidents occurring in the State of Texas, a copy of the petition or complaint that was filed in that case; and
    f. Depositions from any employees concerning such incidents.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:** All documents including **medical records obtained through deposition upon written questions and documents** obtained pursuant to any authorization signed by Complainant.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:** Any and all minutes, notes, attendance sheets, hand-outs, and agenda documents for any and all **safety meetings** held by Defendant, at Defendant's direction, or by any other entity to address safety concerns with shopping carts at the Wal-Mart Store following the incident on November 23, 2016.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:** Any and all **disciplinary action**, citations, warnings, and/or reprimands issued to any person for the method, manner, and/or means for the incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:** Any and all documents concerning a **personal and/or criminal background** check of Complainants including but not limited to financial information, credit rating, and/or criminal convictions.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:** All documents which reflect or relate to any claims that **Complainant or any person other than you committed any act or failed to commit any act** that was a proximate cause of the incident in question.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:** All **statements** however recorded from any individual (employee and/or witness) concerning the incident in question.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:** All documents in your possession where **Complainant's signature(s)** is/are contained on or in the document.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:** All documents evidencing any and all **inspections** of the subject shopping cart holding area made **BEFORE** the incident in question which is the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:** A list or **privilege log** of all documents; videos, photographs, or other materials withheld on the basis of a legal privilege or objection.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:** Produce your company **roster** or other like document which shows the names of the employees who were scheduled to work and those that showed up for work on November 23, 2016.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:** A copy of the **employment file** for the employee who pushed the cart/row of carts into Mrs. Mladan made the basis of this lawsuit, including but not limited to all documentation that references the incident in question, any documentation regarding disciplinary action taken against him, and documentation related to hiring, training, and supervision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:** All documents that show the employee involved in the incident's **work assignments, appointments and/or schedule** on the date of this incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:** All documents related to any training given to, taken by, or suggested to the employee involved in the incident made the basis of this lawsuit **since he was hired** by you related to **re-stocking shopping carts in the store, moving shopping carts around customers and moving shopping carts in the shopping cart holding area.**

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:** All documents related to any training given to, taken by, or suggested to any employees at the store where this incident occurred **AFTER** the date of the incident made the basis of this lawsuit related to **re-stocking shopping carts in the store, moving shopping carts around customers and moving shopping carts in the shopping cart holding area**.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:** All reports, publications, regulations, or other documents evidencing any safety standards, laws, regulations, ordinances, or industry standards, in your possession regarding employees **re-stocking shopping carts in the store, moving shopping carts around customers and moving shopping carts in the shopping cart holding area**.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:** All policies, procedures, guidelines, rules, handbooks or other documentation in your possession regarding employees **collecting shopping carts and returning them to the store**, including but not limited to, those related to the number of carts moved at one time, designated paths, the use of the 'leash' or other tools, and speed while pushing the carts.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:** All policies, procedures, guidelines, rules, handbooks or other documentation in your possession regarding **supervision of employees** collecting shopping carts and returning them to the store.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31:** All documents related to using an **electronic cart manager such as a Cart Manager XD** or similar product to move shopping carts when collecting and restocking shopping. carts at any Wal-mart store in the State of Texas from 2008 to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32:** All documents related to using a **leash/strap** to pull shopping carts when collecting and restocking shopping carts at any Wal-mart store in the State of Texas from 2008 to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33:** All **email messages** you have sent or received discussing the incident or this lawsuit, excluding attorney client communications.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34:** All documents supporting your **Affirmative Defense in paragraph #1** that "Defendant has caused them no injury."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35:** All documents supporting your **Affirmative Defense in paragraph #2** that "Defendant avers that Complainants' injuries and damages, if any, were solely and proximately caused or contributed to by the failure of Complainants to care for their own safety and by the negligence of said Complainants and were not caused by or through any fault of negligence on the part of Defendant, and therefore, Complainants are not entitled to recover from Defendant."

**RESPONSE:**