

EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FRANCES MLADAN AND MILOS MLADAN, | § § § | |
| Complainants | § § | |
| VS. | § § | CIVIL ACTION NO. 1:18-cv-00603 |
| WAL-MART STORES TEXAS, LLC, | § § | JURY TRIAL DEMANDED |
| Defendant | § | |

### DEFENDANT'S RESPONSE TO PLAINTIFF FRANCES MLADAN'S FIRST REQUEST FOR PRODUCTION

TO:   Plaintiff, Frances Mladan, by and through his attorney of record Blake C. Erskine, Jr., ERSKINE & BLACKBURN, L.L.P., 6618 Sitio del Rio Blvd., Building C – 101, Austin, TX 78730.

**COMES NOW**, Wal-Mart Stores Texas, LLC, Defendant in the above numbered and styled cause and makes this its Response to Plaintiff's First Request for Production.

Respectfully submitted,

WALTERS, BALIDO & CRAIN, L.L.P.

_____
BRETT H. PAYNE - 00791417
Great Hills Corporate Center
9020 N. Capital of Texas Hwy
Building II, Ste 225
Austin, Texas 78759
Tel: 512-472-9000
Fax: 512-472-9002
Email: paynevfax@wbclawfirm.com

ATTORNEY FOR DEFENDANT
WAL-MART STORES TEXAS, LLC

## CERTIFICATE OF SERVICE

  This is to certify that on this the 19th day of November, 2018, a true and correct copy of the foregoing has been forwarded to all counsel of record.

_____
BRETT H. PAYNE

## RESPONSE TO REQUEST FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:
Copies of all **written statements** taken from Complainant by Defendant, or anyone acting on Defendant's behalf.

**RESPONSE:** Please see the attached CD.

### REQUEST FOR PRODUCTION NO. 2:
Copies of all **statements** taken by you, or someone on your behalf, from witnesses and persons with knowledge of relevant facts which were taken in the ordinary course of business of the Defendant, or by anyone acting on Defendant's behalf related to the incident made the basis of this lawsuit.

**RESPONSE:** Please see the attached CD.

### REQUEST FOR PRODUCTION NO. 3:
All **photographs, videotapes, movies, visual images and/or other graphic representations** of the scene of the incident, the incident, and/or of Complainants immediately before, during or at any time after the incident, including video or photographic images of the incident as described in Complainants' Original Complaint or any subsequent amended versions.

**RESPONSE:** Please see the attached CD.

### REQUEST FOR PRODUCTION NO. 4:
The **original raw footage of all surveillance video** and/or photographs that Defendant's agents, servants, and/or employees have captured of Complainant before, during and after the incident in question.

**RESPONSE:** Please see the attached CD.

### REQUEST FOR PRODUCTION NO. 5:
All **investigative and incident reports relating to the incident** in question, including all documents which were generated or obtained by or on behalf of the Defendant, before a reasonable person would have concluded from the circumstances that there was a substantial chance of litigation.

**RESPONSE:** Please see the attached CD.

### REQUEST FOR PRODUCTION NO. 6:
Produce a copy of any company manual, employee manual, safety manual, instructions, guide, and/or handbook that are in your possession which contain rules, regulations, suggestions or information for employees to follow in **preventing injury events, and/or how to handle injury events once an incident** has occurred.

**RESPONSE:** Defendant would object to this request as over broad, unduly burdensome, and harassing. Subject to, and without waiving the same, Defendant responds as follows: Please see the attached CD. Defendant will supplement with further information responsive to this request when such information becomes available, if any.

### REQUEST FOR PRODUCTION NO. 7:
All policies, procedures, videos, instructions, manuals, records, notations, or memoranda given to employees relating to **re-stocking shopping carts in the store, moving shopping carts around customers and moving shopping carts in the shopping cart holding area** at the Wal-Mart Store at issue in this case from the date it opened to the present.

**RESPONSE:** Defendant would object to this request as over broad, unduly burdensome, and harassing. Subject to, and without waiving the same, Defendant responds as follows: Please see the attached CD. Defendant will supplement with further information responsive to this request when such information becomes available, if any.

### REQUEST FOR PRODUCTION NO. 8:
Copies of policies and procedures concerning **Accident Reviews** that were effective on the date of the incident made the basis of this lawsuit.

**RESPONSE:** Defendant objects to this request as neither seeking relevant information nor being reasonably calculated to lead to the discovery of admissible evidence. Defendant would object to this request as over broad, unduly burdensome, and harassing. Defendant further objects to this request for the reason it seeks confidential and proprietary information including, but not limited to, trade secrets and violates the Constitutions of Texas and the United States of America. Subject to, and without waiving the same, Defendant responds as follows: Please see the attached CD. Defendant will supplement with further information responsive to this request when such information becomes available, if any.

### REQUEST FOR PRODUCTION NO. 9:
All **Associate Incident Log reports** prepared or processed for the subject incident.

**RESPONSE:** Defendant would object to this request as over broad, unduly burdensome, and harassing. Subject to, and without waiving the same, Defendant responds as follows: Please see the attached CD. Defendant will supplement with further information responsive to this request when such information becomes available, if any.

### REQUEST FOR PRODUCTION NO. 10:
Copy of **Wal-Mart Risk Management Resource Manual** that was effective on the date of incident made the basis of this lawsuit.

**RESPONSE:** Defendant would object to this request to the extent the information requested is protected by the attorney client, attorney work product, work product, and investigative privileges, and accordingly asserts these privileges and withholds the information protected by these privileges. *Metroflight, Inc. v. Argonaut Ins. Co.*, 403 F. Supp. 1195, 1197-98 (N.D. Tex. 1975);

*In Re James N. Fontenot, Jr., M.D. and James N. Fontenot, Jr., M.D., P.A.*, 13 S.W.3d 111 (Tex. App.—Fort Worth 2000, no pet.); *In Re Matthew Arden*, 2004 Tex. App. LEXIS 2596 (Tex. App.—El Paso, March 24, 2004); *In re Columbia Valley Regional Medical Center*, 41 S.W.3d 797, 801 (Tex. App.—Corpus Christi 2001); *In re Monsanto Company*, 998 S.W.2d 193, 930 (Tex. App.—Waco 1999, orig. proceeding). Defendant further objects to this request for the reason it seeks confidential and proprietary information including, but not limited to, trade secrets and violates the Constitutions of Texas and the United States of America. Defendant objects to this request as neither seeking relevant information nor being reasonably calculated to lead to the discovery of admissible evidence. Defendant would object to this request as over broad, unduly burdensome, and harassing.

**REQUEST FOR PRODUCTION NO. 11:**
Copy of the **Wal-Mart Associate Handbook** that was effective on the date of the incident made the basis of this lawsuit.

**RESPONSE:** Defendant would object to this request as over broad, unduly burdensome, and harassing. Defendant further objects to this request for the reason it seeks confidential and proprietary information including, but not limited to, trade secrets and violates the Constitutions of Texas and the United States of America. Subject to, and without waiving the same, Defendant responds as follows: Defendant will supplement with information responsive to this request when such information becomes available, if any.

**REQUEST FOR PRODUCTION NO. 12:**
All documents concerning the **design of the shopping cart holding area** at issue in this case including but not limited to the lighting, garage door – size and height, who was responsible for the design, and qualifications and experience of person(s) who designed.

**RESPONSE:** Defendant would object to this request as over broad, unduly burdensome, and harassing. Defendant further objects to this request for the reason it seeks confidential and proprietary information including, but not limited to, trade secrets and violates the Constitutions of Texas and the United States of America. Subject to, and without waiving the same, Defendant responds as follows: Defendant will supplement with information responsive to this request when such information becomes available, if any.

**REQUEST FOR PRODUCTION NO. 13:**
For all **other similar incidents** that occurred between 2008 through 2018 that involve an incident where a customer and/or employee was hit by a shopping cart(s) being pushed by a Wal-Mart and/or Sam's employee that occurred at any Wal-Mart Store or Sam's Club Store in the State of Texas each of the following:

  a. All incident reports;
  b. All witness statements;
  c. All photographs and videos depicting such incidents;
  d. All notices of written claims by customers and/or employees involved in such incidents;

e. If a lawsuit was filed against you as a result of such incidents occurring in the State of Texas, a copy of the petition or complaint that was filed in that case; and
f. Depositions from any employees concerning such incidents.

**RESPONSE:** Defendant would object to this request as over broad, unduly burdensome, and harassing. Defendant further objects to this request for the reason it seeks confidential and proprietary information including, but not limited to, trade secrets and violates the Constitutions of Texas and the United States of America. Defendant would object to this request to the extent the information requested is protected by the attorney client, attorney work product, work product, and investigative privileges, and accordingly asserts these privileges and withholds the information protected by these privileges. *Metroflight, Inc. v. Argonaut Ins. Co.*, 403 F. Supp. 1195, 1197-98 (N.D. Tex. 1975); *In Re James N. Fontenot, Jr., M.D. and James N. Fontenot, Jr., M.D., P.A.*, 13 S.W.3d 111 (Tex. App.—Fort Worth 2000, no pet.); *In Re Matthew Arden*, 2004 Tex. App. LEXIS 2596 (Tex. App.—El Paso, March 24, 2004); *In re Columbia Valley Regional Medical Center*, 41 S.W.3d 797, 801 (Tex. App.—Corpus Christi 2001); *In re Monsanto Company*, 998 S.W.2d 193, 930 (Tex. App.—Waco 1999, orig. proceeding). Subject to, and without waiving the same, Defendant responds as follows: Defendant will supplement with information responsive to this request when such information becomes available, if any.

## REQUEST FOR PRODUCTION NO. 14:
All documents including **medical records obtained through deposition upon written questions and documents** obtained pursuant to any authorization signed by Complainant.

**RESPONSE:** Defendant would refer Plaintiffs to any documents obtained by deposition on written questions or with authorization. These documents are equally accessible to Plaintiffs as to Defendant through the service retained to retrieve them. Any documents obtained by deposition on written questions or with authorization will be made available at a mutually convenient time.

## REQUEST FOR PRODUCTION NO. 15:
Any and all minutes, notes, attendance sheets, hand-outs, and agenda documents for any and all **safety meetings** held by Defendant, at Defendant's direction, or by any other entity to address safety concerns with shopping carts at the Wal-Mart Store following the incident on November 23, 2016.

**RESPONSE:** Defendant would object to this request as over broad, unduly burdensome, and harassing. Defendant further objects to this request for the reason it seeks confidential and proprietary information including, but not limited to, trade secrets and violates the Constitutions of Texas and the United States of America. Subject to, and without waiving the same, Defendant responds as follows: Defendant will supplement with information responsive to this request when such information becomes available, if any.

## REQUEST FOR PRODUCTION NO. 16:
Any and all **disciplinary action**, citations, warnings, and/or reprimands issued to any person for the method, manner, and/or means for the incident made the basis of this lawsuit.

**RESPONSE:** Defendant would object to this request as over broad, unduly burdensome, and harassing. Defendant further objects to this request for the reason it seeks confidential and proprietary information including, but not limited to, trade secrets and violates the Constitutions of Texas and the United States of America. Subject to, and without waiving the same, Defendant responds as follows: Defendant will supplement with information responsive to this request when such information becomes available, if any.

### REQUEST FOR PRODUCTION NO. 17:
Any and all documents concerning a **personal and/or criminal background** check of Complainants including but not limited to financial information, credit rating, and/or criminal convictions.

**RESPONSE:** Defendant would object to this request as the information requested is equally accessible by Plaintiff's counsel. *See Sears, Roebuck & Co. v. Ramirez*, 824 S.W.2d 558, 559 (Tex. 1992). Subject to, and without waiving the same, Defendant responds as follows: None in Defendant's possession, custody or control. Defendant reserves the right to supplement this response as discovery continues.

### REQUEST FOR PRODUCTION NO. 18:
All documents which reflect or relate to any claims that **Complainant or any person other than you committed any act or failed to commit any act** that was a proximate cause of the incident in question.

**RESPONSE:** Defendant objects in that this request is being sent prior to substantive discovery, when Defendant has not even had an opportunity to properly investigate the plaintiff's claims. Subject to, and without waiving the same, Defendant responds as follows: Please see documents produced on the attached CD.

### REQUEST FOR PRODUCTION NO. 19:
All **statements** however recorded from any individual (employee and/or witness) concerning the incident in question.

**RESPONSE:** Defendant would object to this request to the extent the information requested is protected by the attorney client, attorney work product, work product, and investigative privileges, and accordingly asserts these privileges and withholds the information protected by these privileges. *Metroflight, Inc. v. Argonaut Ins. Co.*, 403 F. Supp. 1195, 1197-98 (N.D. Tex. 1975); *In Re James N. Fontenot, Jr., M.D. and James N. Fontenot, Jr., M.D., P.A.*, 13 S.W.3d 111 (Tex. App.—Fort Worth 2000, no pet.); *In Re Matthew Arden*, 2004 Tex. App. LEXIS 2596 (Tex. App.—El Paso, March 24, 2004); *In re Columbia Valley Regional Medical Center*, 41 S.W.3d 797, 801 (Tex. App.—Corpus Christi 2001); *In re Monsanto Company*, 998 S.W.2d 193, 930 (Tex. App.—Waco 1999, orig. proceeding). Specifically, Defendant withholds Defendant's employees' oral statements to counsel which constitute confidential attorney-client communications. Subject

to, and without waiving the same, Defendant responds as follows: Please see documents produced on the attached CD.

### REQUEST FOR PRODUCTION NO. 20:
All documents in your possession where **Complainant's signature(s)** is/are contained on or in the document.

**RESPONSE:** Please see documents produced on the attached CD.

### REQUEST FOR PRODUCTION NO. 21:
All documents evidencing any and all **inspections** of the subject shopping cart holding area made **BEFORE** the incident in question which is the basis of this suit.

**RESPONSE:** Defendant would object to this request as over broad, unduly burdensome, and harassing. Subject to, and without waiving the same, Defendant responds as follows: Defendant will supplement its response with information responsive to this request when such information becomes available, if any.

### REQUEST FOR PRODUCTION NO. 22:
A list or **privilege log** of all documents; videos, photographs, or other materials withheld on the basis of a legal privilege or objection.

**RESPONSE:** Please see the attached. Defendant reserves the right to supplement its privilege log as discovery continues.

### REQUEST FOR PRODUCTION NO. 23:
Produce your company **roster** or other like document which shows the names of the employees who were scheduled to work and those that showed up for work on November 23, 2016.

**RESPONSE:** Defendant would object to this request as over broad, unduly burdensome, and harassing. Defendant further objects to this request for the reason it seeks confidential and proprietary information including, but not limited to, trade secrets and violates the Constitutions of Texas and the United States of America. Subject to, and without waiving the same, Defendant responds as follows: Defendant will supplement with information responsive to this request when such information becomes available, if any.

### REQUEST FOR PRODUCTION NO. 24:
A copy of the **employment file** for the employee who pushed the cart/row of carts into Mrs. Mladan made the basis of this lawsuit, including but not limited to all documentation that references the incident in question, any documentation regarding disciplinary action taken against him, and documentation related to hiring, training, and supervision.

**RESPONSE:** Defendant would object to this request as over broad, unduly burdensome, and harassing. Defendant further objects to this request for the reason it seeks confidential and proprietary information including, but not limited to, trade secrets and violates the Constitutions

of Texas and the United States of America. Subject to, and without waiving the same, Defendant responds as follows: Defendant will supplement with information responsive to this request when such information becomes available, if any.

### REQUEST FOR PRODUCTION NO. 25:
All documents that show the employee involved in the incident's **work assignments, appointments and/or schedule** on the date of this incident.

**RESPONSE:** Defendant would object to this request as over broad, unduly burdensome, and harassing. Defendant further objects to this request for the reason it seeks confidential and proprietary information including, but not limited to, trade secrets and violates the Constitutions of Texas and the United States of America. Subject to, and without waiving the same, Defendant responds as follows: Defendant will supplement with information responsive to this request when such information becomes available, if any.

### REQUEST FOR PRODUCTION NO. 26:
All documents related to any training given to, taken by, or suggested to the employee involved in the incident made the basis of this lawsuit **since he was hired** by you related to **re-stocking shopping carts in the store, moving shopping carts around customers and moving shopping carts in the shopping cart holding area.**

**RESPONSE:** Defendant would object to this request as over broad, unduly burdensome, and harassing. Defendant further objects to this request for the reason it seeks confidential and proprietary information including, but not limited to, trade secrets and violates the Constitutions of Texas and the United States of America. Subject to, and without waiving the same, Defendant responds as follows: Defendant will supplement with information responsive to this request when such information becomes available, if any.

### REQUEST FOR PRODUCTION NO. 27:
All documents related to any training given to, taken by, or suggested to any employees at the store where this incident occurred **AFTER** the date of the incident made the basis of this lawsuit related to **re-stocking shopping carts in the store, moving shopping carts around customers and moving shopping carts in the shopping cart holding area**.

**RESPONSE:** Defendant would object to this request as over broad, unduly burdensome, and harassing. Defendant further objects to this request for the reason it seeks confidential and proprietary information including, but not limited to, trade secrets and violates the Constitutions of Texas and the United States of America. Subject to, and without waiving the same, Defendant responds as follows: Defendant will supplement with information responsive to this request when such information becomes available, if any.

### REQUEST FOR PRODUCTION NO. 28:
All reports, publications, regulations, or other documents evidencing any safety standards, laws, regulations, ordinances, or industry standards, in your possession regarding employees **re-stocking**

shopping carts in the store, moving shopping carts around customers and moving shopping carts in the shopping cart holding area.

**RESPONSE:** Defendant would object to this request as over broad, unduly burdensome, and harassing. Defendant further objects to this request for the reason it seeks confidential and proprietary information including, but not limited to, trade secrets and violates the Constitutions of Texas and the United States of America. Subject to, and without waiving the same, Defendant responds as follows: Defendant will supplement with information responsive to this request when such information becomes available, if any.

**REQUEST FOR PRODUCTION NO. 29:**
All policies, procedures, guidelines, rules, handbooks or other documentation in your possession regarding employees collecting shopping carts and returning them to the store, including but not limited to, those related to the number of carts moved at one time, designated paths, the use of the 'leash' or other tools, and speed while pushing the carts.

**RESPONSE:** Defendant would object to this request as over broad, unduly burdensome, and harassing. Defendant further objects to this request for the reason it seeks confidential and proprietary information including, but not limited to, trade secrets and violates the Constitutions of Texas and the United States of America. Subject to, and without waiving the same, Defendant responds as follows: Defendant will supplement with information responsive to this request when such information becomes available, if any.

**REQUEST FOR PRODUCTION NO. 30:**
All policies, procedures, guidelines, rules, handbooks or other documentation in your possession regarding supervision of employees collecting shopping carts and returning them to the store.

**RESPONSE:** Defendant would object to this request as over broad, unduly burdensome, and harassing. Defendant further objects to this request for the reason it seeks confidential and proprietary information including, but not limited to, trade secrets and violates the Constitutions of Texas and the United States of America. Subject to, and without waiving the same, Defendant responds as follows: Defendant will supplement with information responsive to this request when such information becomes available, if any.

**REQUEST FOR PRODUCTION NO. 31:**
All documents related to using an electronic cart manager such as a Cart Manager XD or similar product to move shopping carts when collecting and restocking shopping. carts at any Wal-mart store in the State of Texas from 2008 to the present.

**RESPONSE:** Defendant would object to this request as over broad, unduly burdensome, and harassing. Defendant further objects to this request for the reason it seeks confidential and proprietary information including, but not limited to, trade secrets and violates the Constitutions of Texas and the United States of America. Subject to, and without waiving the same, Defendant

responds as follows: Defendant will supplement with information responsive to this request when such information becomes available, if any.

**REQUEST FOR PRODUCTION NO. 32:**
All documents related to using a **leash/strap** to pull shopping carts when collecting and restocking shopping carts at any Wal-mart store in the State of Texas from 2008 to the present.

**RESPONSE:** Defendant would object to this request as over broad, unduly burdensome, and harassing. Defendant further objects to this request for the reason it seeks confidential and proprietary information including, but not limited to, trade secrets and violates the Constitutions of Texas and the United States of America. Subject to, and without waiving the same, Defendant responds as follows: Defendant will supplement with information responsive to this request when such information becomes available, if any.

**REQUEST FOR PRODUCTION NO. 33:**
All **email messages** you have sent or received discussing the incident or this lawsuit, excluding attorney client communications.

**RESPONSE:** Defendant would object to this request to the extent the information requested is protected by the attorney client, attorney work product, work product, and investigative privileges, and accordingly asserts these privileges and withholds the information protected by these privileges. *Metroflight, Inc. v. Argonaut Ins. Co.*, 403 F. Supp. 1195, 1197-98 (N.D. Tex. 1975); *In Re James N. Fontenot, Jr., M.D. and James N. Fontenot, Jr., M.D., P.A.*, 13 S.W.3d 111 (Tex. App.—Fort Worth 2000, no pet.); *In Re Matthew Arden*, 2004 Tex. App. LEXIS 2596 (Tex. App.—El Paso, March 24, 2004); *In re Columbia Valley Regional Medical Center*, 41 S.W.3d 797, 801 (Tex. App.—Corpus Christi 2001); *In re Monsanto Company*, 998 S.W.2d 193, 930 (Tex. App.—Waco 1999, orig. proceeding). Subject to, and without waiving the same, Defendant responds as follows: None other than confidential attorney-client communications.

**REQUEST FOR PRODUCTION NO. 34:**
All documents supporting your **Affirmative Defense in paragraph #1** that "Defendant has caused them no injury."

**RESPONSE:** Defendant would object to this request insofar as it seeks to improperly reverse the burden of proof as Plaintiff must prove that any alleged injuries are causally related to the accident at issue, and must further prove that any alleged medical treatment is reasonable, necessary, and causally related. Defendant further objects in that this request is being sent prior to substantive discovery, when Defendant has not even had an opportunity to properly investigate the plaintiff's claims. Defendant would object to this request as the information requested is equally accessible by Plaintiff's counsel. *See Sears, Roebuck & Co. v. Ramirez*, 824 S.W.2d 558, 559 (Tex. 1992). Subject to, and without waiving the same, Defendant responds as follows: Please see the documents produced on the attached CD. Please also see Plaintiff Frances Mladan's medical records produced by Plaintiffs.

**REQUEST FOR PRODUCTION NO. 35:**
All documents supporting your **Affirmative Defense in paragraph #2** that "Defendant avers that Complainants' injuries and damages, if any, were solely and proximately caused or contributed to by the failure of Complainants to care for their own safety and by the negligence of said Complainants and were not caused by or through any fault of negligence on the part of Defendant, and therefore, Complainants are not entitled to recover from Defendant."

**RESPONSE:** Defendant would object to this request insofar as it seeks to improperly reverse the burden of proof as Plaintiff must prove that any alleged injuries are causally related to the accident at issue, and must further prove that any alleged medical treatment is reasonable, necessary, and causally related. Defendant further objects in that this request is being sent prior to substantive discovery, when Defendant has not even had an opportunity to properly investigate the plaintiff's claims. Subject to, and without waiving the same, Defendant responds as follows: Please see the documents produced on the attached CD.

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FRANCES MLADAN AND MILOS MLADAN, | § § § | |
| Complainants | § § | |
| VS. | § § | CIVIL ACTION NO. 1:18-cv-00603 |
| WAL-MART STORES TEXAS, LLC, | § § | JURY TRIAL DEMANDED |
| Defendant | § | |

## DEFENDANT'S PRIVILEGE LOG

COMES NOW, Wal-Mart Stores Texas, LLC, Defendant in the above numbered and styled cause and pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure, and further without waiving the foregoing previously filed objections to Plaintiffs' Requests for Production, serves this Privilege Log responsive to Plaintiffs' Requests for Production. Defendant reserves the right to supplement its privilege log as discovery continues.

| Author/Recipients | Date(s) | Description of Content | Privilege |
|---|---|---|---|
| Defendant and legal counsel | August 9, 2018, at 12:40 PM | Three (3) page email correspondence between Defendant and legal counsel regarding the preservation of evidence related to the instant suit. | Attorney-Client, Work Product Doctrine, Investigative Privilege |

Respectfully submitted,

WALTERS, BALIDO & CRAIN, L.L.P.

Brett H. Payne - 00791417

WALTERS, BALIDO & CRAIN, L.L.P.
Great Hills Corporate Center
9020 N. Capital of Texas Highway
Building II, Suite 225
Austin, Texas 78759
Phone: 512-472-9000
Fax: 512-472-9002
Email: paynevfax@wbclawfirm.com

**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that on this 19th day of November, 2019, a true and correct copy of the foregoing was forwarded to all counsel of record.

_____
BRETT H. PAYNE