

**EXHIBIT C**

**ERSKINE & BLACKBURN**
**L.L.P.**

Attorneys at Law
6618 Sitio Del Rio Boulevard,
Bldg. C-101
Austin, Texas 78730
Telephone (512) 684-8900
Fax (512) 684-8920
www.erskine-blackburn.com

December 6, 2018

**VIA FACSIMILE AND EMAIL**
Brett Payne, Esq.
Walters, Balido & Crain, L.L.P.
Great Hills Corporate Center
9020 N. Capital of Texas Hwy., Building II, Suite 225
Austin, Texas 78759

Re:   Civil Action No. 1:18-cv-00603-AWA; *Frances Mladan and Milos Mladan vs. Wal-Mart Stores Texas, LLC*; In the United States District Court for the Western District of Texas, Austin Division.

Dear Mr. Payne:

I am writing in response to Defendant's Response to Plaintiff Frances Mladan's First Request for Production. Defendant has improperly objected to most of Complainant's requests. We wish to resolve this matter without involving the Court and so that we can rely upon the completeness of Defendant's discovery responses. As you know, documents and information are discoverable if it is relevant to any party's claim or defense and proportional to the needs of the case considering the importance of the issue at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Each of Complainant's Requests for Production are proper for the following reasons:

**Request No. 6:** We request Defendant withdraw the objections. The request is neither overly broad nor unduly burdensome. The information only pertains to **Defendant's company manual / handbook** containing its rules, regulations, suggestions or information for its employees to follow in **preventing injury incidents and how to handle injury events** following an occurrence. It is not unduly burdensome for the Defendant to provide its manual / handbook / literature concerning injury incident prevention and after-incident procedures.

    **Relevant:** The information sought is relevant to Complainants' claims of negligence against Defendant.

    **Proportional to Needs of the Case:**

- It is **important** for the Plaintiffs to know the information sought because it is necessary to determine whether Defendant was properly training and supervising it employees concerning injury prevention, especially in the moving and restocking of shopping carts. The information is also important to determine if Defendant's employee was negligent in following or failing to follow Defendant's manual / handbook / literature, which justifies the discovery of the requested information which justifies the discovery of the requested information/documentation.

- The **amount in controversy** is in the range of several hundreds of thousands of dollars to more than a million dollars given Complainant's significant and serious injuries that justify a significant jury verdict in that range.

- **Access to the relevant information** is easy for the Defendant to access since Defendant either created the documents requested or had them prepared for corporate use. We also know from prior litigation that Defendant has comprehensive manuals / handbooks / literature addressing the issues covered by this request for production.

- Defendant's **resources** are not at issue to provide this information as Defendant is a wholly owned subsidiary of a multi-billion-dollar corporation.

- This information is **important** in discovery to prove Complainants' allegation of negligence against Defendant.

- **Burden or expense** of this discovery does not outweigh its likely benefit.

**Request No. 7:** We request Defendant withdraw the objections. The request is neither overly broad nor unduly burdensome. The information only pertains to **Defendant's company manual / handbook / literature related to re-stocking shopping carts in the store, moving shopping carts around customers, and moving shopping carts in the shopping cart holding area**. It is not unduly burdensome for the Defendant to provide its manual / handbook / literature concerning these policies and procedures.

**Relevant:** The information sought is relevant to Complainants' claims of negligence against Defendant.

**Proportional to Needs of the Case:**

- It is **important** for the Plaintiffs to know the information sought because it is necessary to determine whether Defendant was properly training and supervising it employees concerning re-stocking shopping carts in the store, moving shopping carts around customers, and moving shopping carts in the shopping cart holding area. The information is also important to determine if Defendant's employee was negligent in following or failing to follow Defendant's manual / handbook / literature, which justifies the discovery of the requested information which justifies the discovery of the requested information/documentation.

- The **amount in controversy** is in the range of several hundreds of thousands of dollars to more than a million dollars given Complainant's significant and serious injuries that justify a significant jury verdict in that range.

- **Access to the relevant information** is easy for the Defendant to access since Defendant either created the documents requested or had them prepared for corporate use. We also know from prior litigation that Defendant has comprehensive manuals / handbooks / literature addressing the issues covered by this request for production.

- Defendant's **resources** are not at issue to provide this information as Defendant is a wholly owned subsidiary of a multi-billion-dollar corporation.

- This information is **important** in discovery to prove Complainants' allegation of negligence against Defendant.

- **Burden or expense** of this discovery does not outweigh its likely benefit.

**Request No. 8:** We request Defendant withdraw the objections. The request is neither overly broad nor unduly burdensome. The information only pertains to Defendant's policies and procedures concerning Defendant's **Accident Reviews** that were effective on the date of the incident. It is not unduly burdensome for the Defendant to provide these policies and procedures, especially since we are aware of other cases where Defendant has produced responsive documentation on this subject matter. Furthermore, responsive documentation does not constitute the type of information that warrants protection as it would not qualify as confidential or proprietary as defined under Federal law or the Western District's Confidentiality and Protective Order.

**Relevant:** The information sought is relevant to Complainants' claims of negligence against Defendant.

**Proportional to Needs of the Case:**

- It is **important** for the Plaintiffs to know the information sought because it is necessary to determine whether Defendant was properly training and supervising it employees concerning accident prevention and conducting reviews of accidents in its stores so as to take preventive measures against future incidents.

- The **amount in controversy** is in the range of several hundreds of thousands of dollars to more than a million dollars given Complainant's significant and serious injuries that justify a significant jury verdict in that range.

- **Access to the relevant information** is easy for the Defendant to access since Defendant either created the documents requested or had them prepared for corporate use. We also know from prior litigation that Defendant has comprehensive manuals / handbooks / literature addressing the issues covered by this request for production.

- Defendant's **resources** are not at issue to provide this information as Defendant is a wholly owned subsidiary of a multi-billion-dollar corporation.

- This information is **important** in discovery to prove Complainants' allegation of negligence against Defendant.

- **Burden or expense** of this discovery does not outweigh its likely benefit.

**Request No. 9:** We request Defendant withdraw the objections. The request is neither overly broad nor unduly burdensome. The information only pertains to Defendant's **Associate Incident Log reports** prepared or processed for the subject incident. It is not unduly burdensome for the Defendant to provide these policies and procedures, especially since we are aware of other cases where Defendant has produced responsive documentation on this subject matter. Furthermore, responsive documentation does not constitute the type of information that warrants protection as it would not qualify as confidential or proprietary as defined under Federal law or the Western District's Confidentiality and Protective Order.

> **Relevant:** The information sought is relevant to Complainants' claims of negligence against Defendant.
>
> **Proportional to Needs of the Case:**
>
> - It is **important** for the Plaintiffs to know the information sought because it is necessary to determine the information reported by Defendant's associate(s) after the subject incident.
>
> - The **amount in controversy** is in the range of several hundreds of thousands of dollars to more than a million dollars given Complainant's significant and serious injuries that justify a significant jury verdict in that range.
>
> - **Access to the relevant information** is easy for the Defendant to access since Defendant either created the documents requested or had them prepared for corporate use. We also know from prior litigation that Defendant has comprehensive manuals / handbooks / literature addressing the issues covered by this request for production.
>
> - Defendant's **resources** are not at issue to provide this information as Defendant is a wholly owned subsidiary of a multi-billion-dollar corporation.
>
> - This information is **important** in discovery to prove Complainants' allegation of negligence against Defendant.
>
> - **Burden or expense** of this discovery does not outweigh its likely benefit.

**Request No. 10:** We request Defendant withdraw the objections. The request is neither overly broad nor unduly burdensome. The information only pertains to Defendant's **Risk Management Resource Manual** that was effective on the date of the subject incident. It is not unduly burdensome for the Defendant to provide this document, especially since we are aware of other

cases where Defendant has produced responsive documentation on this subject matter. The Wal-Mart Risk Management Resource Manual pre-dated the subject incident, so it is not a document that is protected by any attorney-client or work product privilege. Furthermore, responsive documentation does not constitute the type of information that warrants protection as it would not qualify as confidential or proprietary as defined under Federal law or the Western District's Confidentiality and Protective Order.

**Relevant:** The information sought is relevant to Complainants' claims of negligence against Defendant.

**Proportional to Needs of the Case:**

- It is **important** for the Plaintiffs to know the information sought because it is necessary to determine whether this incident was foreseeable to Defendant through the development of risk management policies and procedures and the development of best practices.

- The **amount in controversy** is in the range of several hundreds of thousands of dollars to more than a million dollars given Complainant's significant and serious injuries that justify a significant jury verdict in that range.

- **Access to the relevant information** is easy for the Defendant to access since Defendant either created the documents requested or had them prepared for corporate use. We also know from prior litigation that Defendant has a comprehensive manual addressing the issues covered by this request for production.

- Defendant's **resources** are not at issue to provide this information as Defendant is a wholly owned subsidiary of a multi-billion-dollar corporation.

- This information is **important** in discovery to prove Complainants' allegation of negligence against Defendant.

- **Burden or expense** of this discovery does not outweigh its likely benefit.

**Request No. 11:** We request Defendant withdraw the objections. The request is neither overly broad nor unduly burdensome. The information only pertains to Defendant's **Associate Handbook** that was effective on the date of the incident. It is not unduly burdensome for the Defendant to provide its handbook containing the policies and procedures for its employees. Furthermore, responsive documentation does not constitute the type of information that warrants protection as it would not qualify as confidential or proprietary as defined under Federal law or the Western District's Confidentiality and Protective Order.

**Relevant:** The information sought is relevant to Complainants' claims of negligence against Defendant.

**Proportional to Needs of the Case:**

- It is **important** for the Plaintiffs to know the information sought because it is necessary to determine whether Defendant was properly training and supervising it employees concerning re-stocking shopping carts in the store, moving shopping carts around customers, and moving shopping carts in the shopping cart holding area. The information is also important to determine if Defendant's employee was negligent in following or failing to follow Defendant's handbook, which justifies the discovery of the requested information which justifies the discovery of the requested information/documentation.

- The **amount in controversy** is in the range of several hundreds of thousands of dollars to more than a million dollars given Complainant's significant and serious injuries that justify a significant jury verdict in that range.

- **Access to the relevant information** is easy for the Defendant to access since Defendant either created the documents requested or had them prepared for corporate use. We also know from prior litigation that Defendant has a comprehensive Associate Handbook addressing the issues covered by this request for production.

- Defendant's **resources** are not at issue to provide this information as Defendant is a wholly owned subsidiary of a multi-billion-dollar corporation.

- This information is **important** in discovery to prove Complainants' allegation of negligence against Defendant.

- **Burden or expense** of this discovery does not outweigh its likely benefit.

**Request No. 12:** We request Defendant withdraw the objections. The request is neither overly broad nor unduly burdensome. The information only pertains to documents concerning the **design of the shopping cart holding area** at the store where the subject incident occurred. It is not unduly burdensome for the Defendant to provide drawings, schematics and information concerning design and designer. Furthermore, drawings, schematics or design documents of a public space does not constitute proprietary information that would affect Defendant's business operations. Furthermore, responsive documentation does not constitute the type of information that warrants protection as it would not qualify as confidential or proprietary as defined under Federal law or the Western District's Confidentiality and Protective Order.

**Relevant:** The information sought is relevant to Complainants' claims of negligence against Defendant.

**Proportional to Needs of the Case:**

- It is **important** for the Plaintiffs to know the information sought because it is necessary to determine whether Defendant's choice of design contributed to the cause of the incident made the basis of this lawsuit.

- The **amount in controversy** is in the range of several hundreds of thousands of dollars to more than a million dollars given Complainant's significant and serious injuries that justify a significant jury verdict in that range.

- **Access to the relevant information** is easy for the Defendant to access since Defendant either created the documents requested or had them prepared for corporate use. We also know from prior litigation that Defendant has comprehensive manuals / handbooks / literature addressing the issues covered by this request for production.

- Defendant's **resources** are not at issue to provide this information as Defendant is a wholly owned subsidiary of a multi-billion-dollar corporation.

- This information is **important** in discovery to prove Complainants' allegation of negligence against Defendant.

- **Burden or expense** of this discovery does not outweigh its likely benefit.

**Request No. 13:** We request Defendant withdraw the objections. The request is neither overly broad nor unduly burdensome since the request is limited to **similar prior incidents in Texas stores between 2008 and 2018**. Plaintiff is entitled to any and all documents reflecting prior similar incidents where a customer and/or employee was hit by a shopping cart or shopping carts being pushed by a Wal-Mart or Sam's employee as such information is patently relevant. Such documents relate to Complainant's negligence claims. Furthermore, since the documentation requested was not prepared or made in anticipation of the matters associated with this litigation, the requested documents cannot be the subject of the attorney-client, work product or any other privilege asserted by Defendant. Defendant has not included any such documentation on its Privilege Log. The information concerning prior similar incidents is not proprietary information concerning the business operations of Defendant and disclosure would not subject Defendant to financial hardship or competitive disadvantage with its competitors. Responsive documentation does not constitute the type of information that warrants protection as it would not qualify as confidential or proprietary as defined under Federal law or the Western District's Standard Protective Order.

> **Relevant:** This information is relevant to Complainants' claims of negligence against Defendant.
>
> **Proportional to Needs of the Case:**
>
> - It is **important** for the Plaintiff to know the information concerning other similar incidents is evidence of foreseeability, both as to liability and damages, related to Complainants' negligence claims against Defendant.
>
> - The **amount in controversy** is in the range of several hundreds of thousands of dollars to more than a million dollars given Complainant's significant and serious injuries that justify a significant jury verdict in that range.

- **Access to the relevant information** is easy for the Defendant to access since Defendant either created the documents requested or had them prepared for corporate use. We also know from prior litigation that Defendant maintains comprehensive claims reports that are accessible through its risk management department.

- Defendant's **resources** are not at issue to provide this information as Defendant is a wholly owned subsidiary of a multi-billion-dollar corporation.

- This information is **important** in discovery to prove Complainants' allegation of negligence against Defendant.

- **Burden or expense** of this discovery does not outweigh its likely benefit.

**Request No. 15:** We request Defendant withdraw the objections. The request is neither overly broad nor unduly burdensome. The information only pertains to documents concerning **safety meetings** held following the subject incident to address shopping cart safety concerns. It is not unduly burdensome for the Defendant to provide any minutes, notes, attendance sheets, hand-outs or agenda documents concerning the incident. Furthermore, responsive documentation concerning a safety meeting and/or safety protocols does not constitute the type of information that warrants protection as it would not qualify as confidential or proprietary as defined under Federal law or the Western District's Protective Order.

**Relevant:** The information sought is relevant to Complainants' claims of negligence against Defendant.

**Proportional to Needs of the Case:**

- It is **important** for the Plaintiffs to know the information sought because it is necessary to determine whether Defendant altered or reinforced its existing policies and procedures and to determine whether Defendant identified the incident as a violation of its policies and procedures.

- The **amount in controversy** is in the range of several hundreds of thousands of dollars to more than a million dollars given Complainant's significant and serious injuries that justify a significant jury verdict in that range.

- **Access to the relevant information** is easy for the Defendant to access since Defendant either created the documents requested or had them prepared for corporate use.

- Defendant's **resources** are not at issue to provide this information as Defendant is a wholly owned subsidiary of a multi-billion-dollar corporation.

- This information is **important** in discovery to prove Complainants' allegation of negligence against Defendant.

- **Burden or expense** of this discovery does not outweigh its likely benefit.

**Request No. 16:** We request Defendant withdraw the objections. The request is neither overly broad nor unduly burdensome. The information only pertains to documents concerning **disciplinary actions** following the subject incident. It is not unduly burdensome for the Defendant to provide disciplinary action taken against the Defendant's employee who hit Plaintiff with the shopping carts. Furthermore, responsive documentation does not constitute the type of information that warrants protection as it would not qualify as confidential or proprietary as defined under Federal law or the Western District's Protective Order, especially since the request does not require the disclosure of confidential personal information.

> **Relevant:** The information sought is relevant to Complainants' claims of negligence against Defendant.
>
> **Proportional to Needs of the Case:**
>
> - It is **important** for the Plaintiffs to know the information sought because it is necessary to determine whether Defendant took any disciplinary action against its employee, which would indicate fault or a violation of company safety regulations.
>
> - The **amount in controversy** is in the range of several hundreds of thousands of dollars to more than a million dollars given Complainant's significant and serious injuries that justify a significant jury verdict in that range.
>
> - **Access to the relevant information** is easy for the Defendant to access since Defendant either created the documents requested or had them prepared for corporate use.
>
> - Defendant's **resources** are not at issue to provide this information as Defendant is a wholly owned subsidiary of a multi-billion-dollar corporation.
>
> - This information is **important** in discovery to prove Complainants' allegation of negligence against Defendant.
>
> - **Burden or expense** of this discovery does not outweigh its likely benefit.

**Request No. 18:** We request Defendant withdraw the objection. Defendants' objection that "this request is being sent prior to substantive discovery, when Defendant has not even had an opportunity to property investigate the Complainant's claims" is invalid and, therefore, waived. Defendant has alleged in its Answer that it has facts to support that **Complainants negligence** or failed to care for their own safety at the time of the subject incident. Plaintiffs are entitled to receive all documentation to support Defendant's affirmative defense.

> **Relevant:** This information is relevant to Defendant's affirmative defense claims, of negligence and/or comparative/contributory negligence of Plaintiffs. Plaintiffs are entitled to discovery of documents that may be used to support Defendant's affirmative defenses at trial, which might have an effect on the liability and/or damages presented at trial.

**Proportional to Needs of the Case:**

- The **amount in controversy** is in the range of several hundreds of thousands of dollars to more than a million dollars given Complainant's significant and serious injuries that justify a significant jury verdict in that range.

- **Access to the relevant information** is easy for the Defendant to access since Defendant as alleged an affirmative defense in its Original Answer that Complainants' were negligent or failed to care for their own safety when the subject incident occurred.

- Defendant's **resources** are not at issue to provide this information as Defendant is a wholly owned subsidiary of a multi-billion-dollar corporation.

- This information is **important** in discovery to discover facts and evidence that Defendant possesses to supports is affirmative defense against Complainants.

- **Burden or expense** of this discovery does not outweigh its likely benefit.

**Request No. 19:** We request Defendant withdraw the objections. The requested items which concern **statements by any individuals (employee or witness)** concerning the incident in question. Statements of employees and witnesses to the incident are relevant to this lawsuit. The proper discovery procedure is to make a withholding statement in response to the request and to identify the withheld, privileged document(s) on the privilege log. All privilege-based objections should be withdrawn so that Plaintiffs can rely upon the completeness and truthfulness of the response. All non-privileged statements must be produced.

**Relevant:** This information is relevant to Complainant's negligence claims against Defendant.

**Proportional to Needs of the Case:**

- The **amount in controversy** is in the range of several hundreds of thousands of dollars to more than a million dollars given Complainant's significant and serious injuries that justify a significant jury verdict in that range.

- **Access to the relevant information** is easy for the Defendant to access since Defendant either possesses witness statements concerning the subject incident or it does not.

- Defendant's **resources** are not at issue to provide this information as Defendant is a wholly owned subsidiary of a multi-billion-dollar corporation.

- This information is **important** in discovery to discover facts and evidence concerning Complainants' negligence claims against Defendant.

- **Burden or expense** of this discovery does not outweigh its likely benefit.

**Request No. 21:** We request Defendant withdraw the objections. The request is neither overly broad nor unduly burdensome. Plaintiff is entitled to discover documents concerning **inspections** performed on the subject shopping cart holding area. In the spirit of compromise, Complainants will agree to limit the time period to 5 years before the subject incident.

> **Relevant:** This information is relevant to Complainants' claims of negligence and against Defendant.
>
> **Proportional to Needs of the Case:**
>
> - It is **important** for the Plaintiff to know the information sought because it is necessary to determine whether Defendant was negligent in the assessing/utilizing the cart storage area prior to and/or at the time of the incident.
>
> - Defendant's **resources** are not at issue to provide this information as Defendant is a wholly owned subsidiary of a multi-billion-dollar corporation.
>
> - **Access to the relevant information** is easy for the Defendant to access since Defendant either possesses inspection reports or it does not.
>
> - This information is **important** in discovery to prove Complainants' allegation of negligence against Defendant.
>
> - **Burden or expense** of this discovery does not outweigh its likely benefit.

**Request No. 23:** We request Defendant withdraw the objections. The request is neither overly broad nor unduly burdensome. Plaintiff is entitled to discover information (or **roster**) concerning Defendant's employees who were working at the store on the date of the incident. These employees are potential witnesses to the incident even if they did not prepare official statements. Furthermore, responsive documentation does not constitute the type of information that warrants protection as it would not qualify as confidential or proprietary as defined under Federal law or the Western District's Protective Order, especially since the request does not require the disclosure of confidential personal information.

> **Relevant:** This information is relevant to Complainants' claims of negligence and against Defendant.
>
> **Proportional to Needs of the Case:**
>
> - It is **important** for the Plaintiff to know the information sought because it is necessary to determine whether other employees of Defendant witnessed the incident or learned facts concerning the incident.
>
> - Defendant's **resources** are not at issue to provide this information as Defendant is a wholly owned subsidiary of a multi-billion-dollar corporation.
>
> - **Access to the relevant information** is easy for the Defendant to access since Defendant either possesses roster reports for the date of the incident.

- This information is **important** in discovery to prove Complainants' allegation of negligence against Defendant.

- **Burden or expense** of this discovery does not outweigh its likely benefit.

**Request No. 24:** We request Defendant withdraw the objections. The request is neither overly broad nor unduly burdensome. Plaintiff is entitled to discover Defendant's **employment file** for the employee who pushed the row of carts into Plaintiff. Documentation concerning disciplinary action as well as hiring, training, and supervision are relevant to Complainants' claims of negligence. Furthermore, responsive documentation does not constitute the type of information that warrants protection as it would not qualify as confidential or proprietary as defined under Federal law or the Western District's Protective Order, especially since the request does not require the disclosure of confidential personal information or information that would subject Defendant to third-party liability. To this end, Defendant has also identified the employee as a potential party and information is needed to properly identify and locate this former employee of Defendant.

> **Relevant:** This information is relevant to Complainants' claims of negligence and against Defendant.
>
> **Proportional to Needs of the Case:**
>
> - It is **important** for the Plaintiff to know the information sought because it is necessary to determine the hiring, training, supervision and/or disciplinary action concerning the employee who hit Complainant with a row of shopping carts.
>
> - Defendant's **resources** are not at issue to provide this information as Defendant is a wholly owned subsidiary of a multi-billion-dollar corporation.
>
> - **Access to the relevant information** is easy for the Defendant to access since Defendant possesses the requested employment file.
>
> - This information is **important** in discovery to prove Complainants' allegation of negligence against Defendant.
>
> - **Burden or expense** of this discovery does not outweigh its likely benefit.

**Request No. 25:** We request Defendant withdraw the objections. The request is neither overly broad nor unduly burdensome. Plaintiff is entitled to discover Defendant's employee's **work assignments, appointments and/or schedule** for the date of the incident. Such documentation is relevant to the duties entrusted to him by Defendant and Defendant's supervision of the employee as it relates to the negligence allegations in this lawsuit. Furthermore, responsive documentation does not constitute the type of information that warrants protection as it would not qualify as confidential or proprietary as defined under Federal law or the Western District's Protective Order.

**Relevant:** This information is relevant to Complainants' claims of negligence and against Defendant.

**Proportional to Needs of the Case:**

- It is **important** for the Plaintiff to know the information sought because it is necessary to determine whether Defendant was negligent in entrusting, training and/or supervising its employee with his work duties/assignments.

- Defendant's **resources** are not at issue to provide this information as Defendant is a wholly owned subsidiary of a multi-billion-dollar corporation.

- **Access to the relevant information** is easy for the Defendant to access since Defendant either possesses the responsive documentation or it does not.

- This information is **important** in discovery to prove Complainants' allegation of negligence against Defendant.

- **Burden or expense** of this discovery does not outweigh its likely benefit.

**Request No. 26:** We request Defendant withdraw the objections. The request is neither overly broad nor unduly burdensome. Plaintiff is entitled to discover the **training** Defendant gave **before the incident** to the employee who hit Complainant with a row of shopping carts. Such documentation is relevant to the duties and supervision of the employee as it relates to the negligence allegations in this lawsuit. Furthermore, responsive documentation does not constitute the type of information that warrants protection as it would not qualify as confidential or proprietary as defined under Federal law or the Western District's Protective Order.

**Relevant:** This information is relevant to Complainants' claims of negligence and against Defendant.

**Proportional to Needs of the Case:**

- It is **important** for the Plaintiff to know the information sought because it is necessary to determine whether Defendant was negligent in its training of the employee or whether Defendant's employee was negligent in failing to follow established safety practices and procedures in the undertaking of his work activities for Defendant.

- Defendant's **resources** are not at issue to provide this information as Defendant is a wholly owned subsidiary of a multi-billion-dollar corporation.

- **Access to the relevant information** is easy for the Defendant to access since Defendant either possesses roster reports for the date of the incident.

- This information is **important** in discovery to prove Complainants' allegation of negligence against Defendant.

- **Burden or expense** of this discovery does not outweigh its likely benefit.

**Request No. 27:** We request Defendant withdraw the objections. The request is neither overly broad nor unduly burdensome. Plaintiff is entitled to discover the **training** Defendant gave to its employees **after the subject incident**. Such documentation is relevant to whether Defendant's prior policies and procedures were defective or unsafe/less safe. Furthermore, responsive documentation does not constitute the type of information that warrants protection as it would not qualify as confidential or proprietary as defined under Federal law or the Western District's Protective Order.

> **Relevant:** This information is relevant to Complainants' claims of negligence and against Defendant.
>
> **Proportional to Needs of the Case:**
>
> - It is **important** for the Plaintiff to know the information sought because it is necessary to determine whether Defendant was negligent in the implementation of its policies and procedures concerning cart retrieval and restocking at the time of the subject incident.
>
> - Defendant's **resources** are not at issue to provide this information as Defendant is a wholly owned subsidiary of a multi-billion-dollar corporation.
>
> - **Access to the relevant information** is easy for the Defendant to access since Defendant either possesses roster reports for the date of the incident.
>
> - This information is **important** in discovery to prove Complainants' allegation of negligence against Defendant.
>
> - **Burden or expense** of this discovery does not outweigh its likely benefit.

**Request No. 28:** We request Defendant withdraw the objections. The request is neither overly broad nor unduly burdensome. Plaintiff is entitled to discover documentation concerning **safety standards, regulations, industry standards or other safety related protocols** possessed by Defendant concerning restocking shopping carts, moving shopping carts around customers, and moving shopping carts in the shopping care holding area. Such documentation is relevant to Complainants' claims of negligence against Defendant. Furthermore, responsive documentation does not constitute the type of information that warrants protection as it would not qualify as confidential or proprietary as defined under Federal law or the Western District's Protective Order.

> **Relevant:** This information is relevant to Complainants' claims of negligence and against Defendant.
>
> **Proportional to Needs of the Case:**
>
> - It is **important** for the Plaintiff to know the information sought because it is necessary to determine whether Defendant was negligent in its failure to

- implement, enforce and/or train on safe shopping cart retrieval and restocking at the time of the subject incident.

- Defendant's **resources** are not at issue to provide this information as Defendant is a wholly owned subsidiary of a multi-billion-dollar corporation.

- **Access to the relevant information** is easy for the Defendant to access since Defendant either possesses responsive documents concerning shopping cart retrieval and restocking or it does not.

- This information is **important** in discovery to prove Complainants' allegation of negligence against Defendant.

- **Burden or expense** of this discovery does not outweigh its likely benefit.

**Request No. 29:** We request Defendant withdraw the objections. The request is neither overly broad nor unduly burdensome. Plaintiff is entitled to discover documentation concerning Defendant's **policies, procedures, guidelines, rules, handbooks or other documentation concerning employees collecting shopping carts and returning them to the store.** Such documentation is relevant to Complainants' claims of negligence against Defendant since Defendant's employee injured Complainant while performing this job function. Furthermore, responsive documentation does not constitute the type of information that warrants protection as it would not qualify as confidential or proprietary as defined under Federal law or the Western District's Protective Order.

> **Relevant:** This information is relevant to Complainants' claims of negligence and against Defendant.
>
> **Proportional to Needs of the Case:**
>
> - It is **important** for the Plaintiff to know the information sought because it is necessary to determine whether Defendant was negligent in its failure to utilize, enforce and/or train on safe shopping cart retrieval and restocking methods at the time of the subject incident.
>
> - Defendant's **resources** are not at issue to provide this information as Defendant is a wholly owned subsidiary of a multi-billion-dollar corporation.
>
> - **Access to the relevant information** is easy for the Defendant to access since Defendant either possesses responsive documents concerning shopping cart retrieval and restocking methods or it does not.
>
> - This information is **important** in discovery to prove Complainants' allegation of negligence against Defendant.
>
> - **Burden or expense** of this discovery does not outweigh its likely benefit.

**Request No. 30:** We request Defendant withdraw the objections. The request is neither overly broad nor unduly burdensome. Plaintiff is entitled to discover documentation concerning

Defendant's **policies, procedures, guidelines, rules, handbooks or other documentation concerning supervision of employees collecting shopping carts and returning them to the store**. Such documentation is relevant to Complainants' claims of negligence against Defendant since Defendant's employee injured Complainant while one of Defendant's employees was performing this job function. Furthermore, responsive documentation does not constitute the type of information that warrants protection as it would not qualify as confidential or proprietary as defined under Federal law or the Western District's Protective Order.

> **Relevant:** This information is relevant to Complainants' claims of negligence and against Defendant.
>
> **Proportional to Needs of the Case:**
>
> - It is **important** for the Plaintiff to know the information sought because it is necessary to determine whether Defendant was negligent in its failure to utilize, enforce and/or train on safe shopping cart retrieval and restocking methods at the time of the subject incident.
>
> - Defendant's **resources** are not at issue to provide this information as Defendant is a wholly owned subsidiary of a multi-billion-dollar corporation.
>
> - **Access to the relevant information** is easy for the Defendant to access since Defendant either possesses responsive documents concerning supervision of employees performing shopping cart retrieval and restocking or it does not.
>
> - This information is **important** in discovery to prove Complainants' allegation of negligence against Defendant.
>
> - **Burden or expense** of this discovery does not outweigh its likely benefit.

**Request No. 31:** We request Defendant withdraw the objections. The request is neither overly broad nor unduly burdensome. Plaintiff is entitled to discover documentation concerning Defendant's documents related to using an **electronic cart manager**, such as a Cart Manager XD or similar product, to move shopping carts when collecting and restocking carts at any of Defendant's stores in the State of Texas from 2008 to present. Such documentation is relevant to Complainants' claims of negligence against Defendant since it is believed that Defendant has implemented the use of such devices at its other stores in Texas before the subject incident. Furthermore, responsive documentation does not constitute the type of information that warrants protection as it would not qualify as confidential or proprietary as defined under Federal law or the Western District's Protective Order.

> **Relevant:** This information is relevant to Complainants' claims of negligence and against Defendant.
>
> **Proportional to Needs of the Case:**
>
> - It is **important** for the Plaintiff to know the information sought because it is necessary to determine whether Defendant was negligent in its failure to utilize a

   motorized shopping cart safety device utilized at the subject store and/or other stores in Texas prior to the subject incident.

- Defendant's **resources** are not at issue to provide this information as Defendant is a wholly owned subsidiary of a multi-billion-dollar corporation.

- **Access to the relevant information** is easy for the Defendant to access since Defendant either possesses responsive documents concerning the use of electronic shopping cart manager devices at its Texas stores since 2008 or it does not.

- This information is **important** in discovery to prove Complainants' allegation of negligence against Defendant.

- **Burden or expense** of this discovery does not outweigh its likely benefit.

**Request No. 32:** We request Defendant withdraw the objections. The request is neither overly broad nor unduly burdensome. Plaintiff is entitled to discover documentation concerning Defendant's documents related to using a **leash strap** to secure shopping carts for movement of shopping carts at any of Defendant's stores in the State of Texas from 2008 to present. Such documentation is relevant to Complainants' claims of negligence against Defendant since it is believed that Defendant has implemented the use of such device at its other stores in Texas before the subject incident. Furthermore, responsive documentation does not constitute the type of information that warrants protection as it would not qualify as confidential or proprietary as defined under Federal law or the Western District's Protective Order.

   **Relevant:** This information is relevant to Complainants' claims of negligence and against Defendant.

   **Proportional to Needs of the Case:**

   - It is **important** for the Plaintiff to know the information sought because it is necessary to determine whether Defendant was negligent in its failure to utilize a motorized shopping cart safety device utilized at the subject store and/or other stores in Texas prior to the subject incident.

   - Defendant's **resources** are not at issue to provide this information as Defendant is a wholly owned subsidiary of a multi-billion-dollar corporation.

   - **Access to the relevant information** is easy for the Defendant to access since Defendant either possesses responsive documents concerning the use of electronic shopping cart manager devices at its Texas stores since 2008 or it does not.

   - This information is **important** in discovery to prove Complainants' allegation of negligence against Defendant.

   - **Burden or expense** of this discovery does not outweigh its likely benefit.

**Request No. 33:** We request Defendant withdraw the objections. The requested items which concern **e-mail messages** Defendant has sent or received discussing the incident or this lawsuit, excluding attorney-client communications. Statements of Defendant's employees and/or witnesses to the incident are relevant to this lawsuit. The proper discovery procedure is to make a withholding statement in response to the request and to identify the withheld, privileged document(s) on the privilege log. All privilege-based objections should be withdrawn so that Plaintiffs can rely upon the completeness and truthfulness of the response. All non-privileged statements must be produced.

> **Relevant:** This information is relevant to Complainant's negligence claims against Defendant.
>
> **Proportional to Needs of the Case:**
>
> - The **amount in controversy** is in the range of several hundreds of thousands of dollars to more than a million dollars given Complainant's significant and serious injuries that justify a significant jury verdict in that range.
>
> - **Access to the relevant information** is easy for the Defendant to access since Defendant either possesses e-mails concerning the subject incident/lawsuit or it does not.
>
> - Defendant's **resources** are not at issue to provide this information as Defendant is a wholly owned subsidiary of a multi-billion-dollar corporation.
>
> - This information is **important** in discovery to discover facts and evidence concerning Complainants' negligence claims against Defendant.
>
> - **Burden or expense** of this discovery does not outweigh its likely benefit.

**Request No. 34:** We request Defendant withdraw the objection. Defendants' objection that "this request … seeks to improperly reverse the burden of proof" in invalid and, therefore, waived, as it the objection that this request "is being sent prior to substantive discovery, when Defendant has not even had an opportunity to property investigate the Complainant's claims." Defendant has alleged in its Answer that it has facts to support that **"Defendant has caused [Complainants] no injury."** Plaintiffs are entitled to receive all documentation to support Defendant's affirmative defense.

> **Relevant:** This information is relevant to Defendant's affirmative defense claims, of negligence and/or comparative/contributory negligence of Plaintiffs. Plaintiffs are entitled to discovery of documents that may be used to support Defendant's affirmative defenses at trial, which might have an effect on the liability and/or damages presented at trial.
>
> **Proportional to Needs of the Case:**

- The **amount in controversy** is in the range of several hundreds of thousands of dollars to more than a million dollars given Complainant's significant and serious injuries that justify a significant jury verdict in that range.

- **Access to the relevant information** is easy for the Defendant to access since Defendant as alleged an affirmative defense in its Original Answer that Defendant has caused no injury to the Complainants.

- Defendant's **resources** are not at issue to provide this information as Defendant is a wholly owned subsidiary of a multi-billion-dollar corporation.

- This information is **important** in discovery to discover facts and evidence that Defendant possesses to supports is affirmative defense against Complainants.

- **Burden or expense** of this discovery does not outweigh its likely benefit.

Best Regards,

*[signature]*

Blake C. Erskine, Jr.

BCE:js