**IN RE H.E.B. GROCERY COMPANY, L.P.**

**NUMBER 13-14-00023-CV**

**COURT OF APPEALS THIRTEENTH DISTRICT OF TEXAS CORPUS CHRISTI - EDINBURG**

**Delivered and filed: February 18, 2014**

**On Petition for Writ of Mandamus.**

**MEMORANDUM OPINION**

**Before Justices Rodriguez, Garza, and Perkes**
**Memorandum Opinion by Justice Garza**[1]

On January 13, 2014, relator, H.E.B. Grocery Company, L.P. ("H.E.B."), filed a petition for writ of mandamus and motion for stay contending that the trial court abused its discretion in ordering relator to produce two incident reports in the underlying premises liability lawsuit. We deny the petition for writ of mandamus.

**I. BACKGROUND**

Daniel Rodriguez tripped and fell in the parking lot of the H.E.B. store located at 2155 Paredes Line Road in Brownsville, Texas. According to H.E.B.'s incident report,

Page 2

Rodriguez, who was a customer at the store, was putting trash in one of the trash cans in the parking lot when he tripped on the metal plate of a cart corral. Rodriguez fell against the trash can and cut his face. Rodriguez was taken by ambulance to a local hospital.

Rodriguez thereafter brought suit against H.E.B. for negligence and breach of ordinary care. According to Rodriguez's original petition, H.E.B. was negligent because it: failed to maintain the premises in a reasonably safe condition and free of hazards; failed to correct an unreasonably dangerous condition; failed to warn invitees of the dangerous condition; failed to properly inspect the premises to discover the unreasonably dangerous condition; failed to properly train its employees regarding the appropriate manner in which to make the premises reasonably safe; failed to implement policies, rules, or procedures to make its premises reasonably safe; and failed to enforce proper policies, rules, or procedures to make its premises reasonably safe. Rodriguez also alleged that H.E.B. breached its duty of ordinary care regarding maintenance and the supervision of personnel and in failing to implement adequate policies, procedures, or safeguards to ensure that its premises were free of unreasonably dangerous conditions.

The parties thereafter engaged in discovery. This original proceeding concerns H.E.B.'s responses to interrogatory number 9 and request for production number 11. Interrogatory number 9 and H.E.B.'s response to this interrogatory are as follows:

> 9. Describe each incident in which you have been sued, and/or had a claim brought against you whereby a person claimed that a condition on your premises caused an accident or injury. This interrogatory is limited to the last five (5) years and to [H.E.B.'s] premises in Brownsville, Texas. For each such incident, please state:
>
> a. The date of the incident;
> b. The parties involved;
> c. The style and case number of each filed case, if any;







Page 3

> d. The claim number of each non-filed case; and
> e. A brief description of the incident and claimed injuries.
>
> ANSWER: Defendant objects to this request on the basis that it is overly broad and burdensome. Defendant further objects on the basis of relevance. In addition, Defendant objects on the basis that disclosure of the information would violate the individual's privacy rights and expectation of privacy.

Request for production number 11 and H.E.B.'s response thereto provide:

> 11. Please provide all accident and/or incident reports regarding slip and falls, trips and falls or other incidents, including, but not limited to, accidents and/or incidents of your employees which have occurred on [H.E.B.'s] premises. This request is limited to five (5) years before the incident made the basis of this suit and to [H.E.B.'s] premises in Brownsville, Texas. RESPONSE: Defendant objects to this request on the basis that it is overly broad and burdensome. Defendant further objects on the basis of relevance. In addition, Defendant objects on the basis that disclosure of the information would violate the individuals' privacy rights and expectation of privacy.

Rodriguez filed a second motion to compel regarding these two discovery requests and others on August 26, 2013. The trial court held a hearing on the motion to compel on October 2, 2013, but the transcript of that hearing is not part of the record before this Court. The trial court granted the second motion to compel and ordered, in relevant part, that interrogatory number 9 and request for production number 11 were limited to "3 years for trip and fall incidents in the parking lot for the H.E.B. in question."

On November 1, 2013, relator filed a motion to reconsider the trial court's order on the motion to compel and requested an in camera inspection. According to the motion, H.E.B.'s search for information and documents responsive to interrogatory number 9 and request for production number 11 resulted in the location of two other incident reports besides the one at issue in this lawsuit. H.E.B. requested that the trial court reconsider

Page 4

its order to produce these two incident reports on grounds that the "two other trip and fall accidents [were] not related to shopping cart corrals" and "contained private and confidential information." The incident reports at issue are prepared by H.E.B. employees and consist of one-page computer-generated printouts which contain the customers' names, addresses, day and evening phone numbers, dates of birth, a brief description of the incident, and a brief summary of the injuries sustained.

On January 8, 2014, the trial court held a hearing on H.E.B.'s motion. On January 9, 2014, the trial court issued an order granting H.E.B.'s motion to reconsider and for an in-camera inspection. That same day, the trial court held an in-camera inspection of the two incident reports and, by separate order issued that same day, ordered H.E.B. to produce them.





This original proceeding ensued. By three issues, H.E.B. contends: (1) the trial court abused its discretion in ordering the production of incident reports for a three-year period before the date of the accident at issue in this case for accidents "that did not occur pursuant to the same instrumentality or related in some special way to the accident in question"; (2) the trial court abused its discretion in ordering the production of non-relevant incident reports containing individuals' private information; and (3) Rodriguez failed to meet his burden of showing why the production of incident reports containing individuals' private information was material, relevant, and necessary. By its motion to stay, H.E.B. sought to stay all trial court proceedings, including discovery, depositions, and hearings, pending resolution of this cause. This Court granted the motion to stay, in part, and ordered the trial court's orders of January 9, 2014 to be stayed, but denied the motion insofar as it sought to stay all other trial court proceedings. This Court requested and received a response to the petition for writ of mandamus from Rodriguez.

Page 5

## II. STANDARD OF REVIEW

Mandamus is appropriate when the relator demonstrates that the trial court clearly abused its discretion and the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). The relator has the burden of establishing both prerequisites to mandamus relief, and this burden is a heavy one. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision that is so arbitrary and unreasonable that it amounts to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). The adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against the detriments. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). Because this balance depends heavily on circumstances, it must be guided by the analysis of principles rather than the application of simple rules that treat cases as categories. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex. 2008) (orig. proceeding). We evaluate the benefits and detriments of mandamus review and consider whether mandamus will preserve important substantive and procedural rights from impairment or loss. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. We also consider whether mandamus will "allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments." *Id.* Finally, we consider whether mandamus will spare the litigants and the public "the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings." *Id.*

Page 6

The scope of discovery is generally within the trial court's discretion. *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding); *Dillard Dep't Stores, Inc. v. Hall*, 909 S.W.2d 491, 492 (Tex. 1995) (per curiam) (orig. proceeding). Parties may seek discovery "regarding any matter that is not privileged and is relevant to the subject matter of the pending action . . . ." TEX. R. CIV. P. 192.3(a). Information is relevant if it tends to make the existence of a fact that is of consequence to the determination of the action more or less probable than it would be without the information. TEX. R. EVID. 401. However, a party's discovery requests must show a reasonable expectation of obtaining information that will aid in the resolution of the dispute. *In re CSX Corp.*, 124 S.W.3d at 152. Therefore, discovery requests must be





reasonably tailored to include only matters relevant to the case. *In re Am. Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998) (orig. proceeding) (per curiam).

Mandamus relief is available when the trial court compels production beyond the permissible bounds of discovery. *In re Weekley Homes, L.P.*, 295 S.W.3d 309, 322 (Tex. 2009) (orig. proceeding); *In re Am. Optical Corp.*, 988 S.W.2d at 713; *see, e.g., In re Ford Motor Co.*, 988 S.W.2d 714, 721 (Tex. 1998) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 843 (Tex.1992) (orig. proceeding).

### III. ANALYSIS

In its first issue, H.E.B. contends that the order requiring production did not limit discovery to accidents occurring by means of the same instrumentality or by the same inanimate object. H.E.B. contends that the instant lawsuit arose as a result of a trip and fall over the cart corral in its parking lot, but the two incident reports "did not involve the cart corrals and therefore did not occur by means of the same inanimate object or instrumentality," and the "only connection" between these two other incidents and the one

Page 7

at issue in this case is that they occurred in the parking lot of the same store within the three-year period before Plaintiff's accident."

In support of this issue, H.E.B. cites three cases: *Missouri Pacific Railroad Co. v. Cooper*, 563 S.W.2d 233 (Tex. 1978); *Klorer v. Block*, 717 S.W.2d 754 (Tex. Civ. App.— San Antonio 1986, writ ref'd n.r.e.); and *Bell v. Buddies Super Market*, 516 S.W.2d 447 (Tex. Civ. App.—Tyler, 1974, writ ref'd n.r.e.). Each of these cases concerns the admissibility of evidence rather than the scope of discovery. *See Mo. Pac. R.R. Co.*, 563 S.W.2d at 236 (holding that for evidence to be admissible, the "plaintiffs were required to show that the earlier accidents occurred under reasonably similar but not necessarily identical circumstances"); *Klorer*, 717 S.W.2d at 761 ("In other words, the evidence of other similar falls, to be admissible, must have arisen out of the same inanimate cause or condition."); *Bell*, 516 S.W.2d at 450 ("[T]he evidence of other similar falls, to be admissible, must have arisen out of the same inanimate cause or condition."). In this case, however, we are not assessing the threshold pertaining to the admissibility of other incidents but the much lower threshold applicable to the discoverability of such incidents. The scope of discovery is much broader than the scope of admissible evidence. *In re Exmark Mfg. Co.*, 299 S.W.3d 519, 528 (Tex. App.—Corpus Christi 2009, orig. proceeding) (discussing *Nissan Motor Co. Ltd. v. Armstrong*, 145 S.W.3d 131, 138-39 (Tex. 2004)); *see also In re H.E.B. Grocery Co.*, 13-10-00533-CV, 2010 WL 4523765, at *5 (Tex. App.—Corpus Christi Nov. 8, 2010, orig. proceeding [mand. denied]) (mem. op.). The "relevant to the subject matter" and "reasonably calculated to lead to admissible evidence" tests are "liberally construed" to allow the litigants to obtain the fullest knowledge of the facts and issues prior to trial, and "it does not matter that the information sought may be inadmissible at trial if it appears reasonably calculated to lead to the

Page 8

discovery of admissible evidence." *See Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 553 (Tex. 1990) (orig. proceeding); *see also Eli Lilly & Co. v. Marshall*, 850 S.W.2d 155, 160 (Tex. 1993). In this case, H.E.B. has conflated the standards for the discovery of information and the admissibility of evidence.

Moreover, in a separate original proceeding brought by H.E.B., the Fourteenth District Court of Appeals expressly rejected H.E.B.'s contention that the discovery of other incident reports must be limited to those involving the exact same condition or





instrumentality as that involved in the underlying case. *See In re H.E.B. Grocery Co.*, 375 S.W.3d 497, 499 (Tex. App.—Houston [14th Dist.] 2012, orig. proceeding). In that case, the plaintiff slipped and fell due to a slippery condition on the floor and, through discovery, sought the production of accident or incident reports for the store generally and specifically including those regarding "slip and falls" or "trip and falls" and those "caused by a liquid substance on the floor." *Id.* at 503. The Houston court held that the discovery of accident reports or incident reports pertaining generally to "other incidents" was overbroad insofar as it would "necessarily implicate every accident or incident report in H.E.B.'s possession." *Id.* at 502. However, the court refused to limit the discovery of such reports to those pertaining to liquid on the floor or slippery conditions and instead allowed discovery of those reports regarding slip and falls or trip and falls. *Id.* at 503. In so holding, the court stated that, although the majority of the plaintiff's allegations pertained to the "slippery conditions" of the floor, the plaintiff also alleged that H.E.B. was negligent in its policies and procedures for training, inspecting, and making the premises safe. *Id.* "Thus, incidents of debris on the floor that presents a tripping hazard would lead to relevant information on this ground for relief just as incidents of liquid substances found on the floor." *Id.*

Page 9

In this case, the trial court ordered the production of the two reports as limited to: "3 years for trip and fall incidents in the parking lot for the H.E.B. in question." Rodriguez has broadly alleged that H.E.B. was negligent and failed to use ordinary care in maintaining the premises in question in a reasonably safe condition and free of hazards. Rodriguez has specifically alleged that H.E.B. was negligent in failing to: inspect its premises to discover the unreasonably dangerous condition, correct or warn of the condition, train its employees regarding how to make the premises reasonably safe, implement proper policies or procedures to make the premises reasonably safe, and enforce policies or procedures to make the premises safe. Thus, the other incident reports are discoverable insofar as they appear reasonably calculated to lead to the discovery of admissible evidence. *See Axelson, Inc.*, 798 S.W.2d at 553; *In re H.E.B. Grocery Co.*, 375 S.W.3d at 503. Accordingly, we conclude that the trial court did not abuse its discretion in ordering the production of the two incident reports regarding trip and fall incidents in the parking lot for the Brownsville H.E.B. store. We overrule H.E.B.'s first issue.

By its second issue, H.E.B. contends that the discovery order would allow the unnecessary disclosure of privileged information in violation of the privacy rights of those individuals identified in the two incident reports. H.E.B. contends that the two incident reports contain the customers' names, addresses, day and evening phone numbers, dates of birth, and injuries sustained. In support of this issue, H.E.B. cites *Billings v. Atkinson*, 489 S.W.2d 858 (Tex. 1973), for the proposition that the Texas Supreme Court has recognized the right of privacy, and *In re United Services Automobile Ass'n*, 76 S.W.3d 112 (Tex. App.—San Antonio 2002, orig. proceeding), for the propositions that the right of privacy need not be asserted by the individuals affected by the disclosure, and

Page 10

once the right of privacy is raised as an objection to discovery, the burden shifts to the party seeking production to show that the information sought is material, relevant, and necessary.

A right of personal privacy, or a guarantee of certain areas or zones of privacy, exists under the United States Constitution and Texas Constitutions. *See, e.g., Griswold v. Connecticut*, 381 U.S. 479, 484 (1965); *Tex. State Employees Union v. Tex. Dept of Mental Health & Mental Retardation*, 746 S.W.2d





203, 205 (Tex. 1987). The right of privacy has been defined as the right of an individual to be left alone, to live a life of seclusion, to be free from unwarranted publicity. *Billings,* 489 S.W.2d at 859; *see Indus. Found. of the S. v. Tex. Indus. Acc. Bd.,* 540 S.W.2d 668, 682 (Tex. 1976). Stated otherwise, the right of privacy is the right to be free from the unwarranted appropriation or exploitation of one's personality, the publicizing of one's private affairs with which the public has no legitimate concern, or the wrongful intrusion into one's private activities in such manner as to outrage or cause mental suffering, shame, or humiliation to a person of ordinary sensibilities. *Billings,* 489 S.W.2d at 859; *Indus. Found. of the S.,* 540 S.W.2d at 682.

In *Industrial Foundation of the South v. Texas Industrial Accident Board,* the Texas Supreme Court held that concepts of common-law privacy law exempted documents from public disclosure under a former version of the Texas Public Information Act. *See* 540 S.W.2d 668, 686 (Tex.1976); *see also Tex. Dept of Pub. Safety v. Cox Tex. Newspapers,* L.P., 343 S.W.3d 112, 116 (Tex. 2011). Under *Industrial,* information is protected from mandatory disclosure as information deemed confidential by law if: (1) the information contains highly intimate or embarrassing facts the publication of which would be highly objectionable to a reasonable person, and (2) the information is not of legitimate concern

Page 11

to the public. *Indus. Found. of the S.,* 540 S.W.2d at 685; *see Abbott v. Dallas Area Rapid Transit,* 410 S.W.3d 876, 881 (Tex. App.—Austin 2013, no pet.). However, not every publication of personal information about an individual constitutes an invasion of a constitutionally protected zone of privacy. *Indus. Found. of the S.,* 540 S.W.2d at 680. Moreover, information within a constitutionally protected zone of privacy can sometimes be disclosed. *See, e.g., Tarrant Cnty. Hosp. Dist. v. Hughes,* 734 S.W.2d 675, 680 (Tex. App.—Fort Worth 1987, orig. proceeding) (holding that the disclosure of blood donors' identities was not an impermissible violation of constitutional right to privacy). Accordingly, we examine federal and state cases regarding privacy interests when the right to privacy is raised as a challenge to pretrial discovery. *See In re Crestcare Nursing & Rehab. Ctr.,* 222 S.W.3d 68, 72 (Tex. App.—Tyler 2006, orig. proceeding [mand. denied]); *Tarrant Cnty. Hosp. Dist.,* 734 S.W.2d at 679 n.3. A court order that compels or restricts pretrial discovery constitutes state action which is subject to constitutional limitations. *See In re Crestcare Nursing & Rehab. Ctr.,* 222 S.W.3d at 72; *Tarrant Cnty. Hosp. Dist. v. Hughes,* 734 S.W.2d at 679 n.3.

As a general rule, the party who seeks to limit discovery by asserting a privilege has the burden of producing evidence to support its assertions. *See* TEX. R. CIV. P. 193.4(a); *In re E.I. DuPont de Nemours & Co.,* 136 S.W.2d 218, 227 (Tex. 2004) (orig. proceeding) (holding that the party asserting a privilege has the burden of proof and must make a prima facie showing, which requires the "minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true"); *Huie v. DeShazo,* 922 S.W.2d 920, 926 (Tex. 1996) (stating that evidence is necessary to support a claim of privilege); *see also In re CI Host, Inc.,* 92 S.W.3d 514, 516 (Tex. 2002) (orig. proceeding) ("Any party making an objection or asserting a privilege must present any

Page 12

evidence necessary to support the objection or privilege."). This burden includes the burden to produce evidence concerning the applicability of the privilege. *See Peeples v. Fourth Supreme Jud. Dist.,* 701 S.W.2d 635, 635 (Tex. 1985); *In re Park Cities Bank,* 409 S.W.3d 859, 868 (Tex. App.—Tyler 2013, orig. proceeding); *In re USA Waste Mgmt. Res., L.L.C.,* 387 S.W.3d 92, 96 (Tex. App.—





Houston [14th Dist.] 2012, orig. proceeding [mand. denied]).

This rule applies when a party asserts privacy rights as a ground for limiting discovery. *In re Crestcare Nursing & Rehab. Ctr.*, 222 S.W.3d at 73; *Kessell v. Bridewell*, 872 S.W.2d 837, 841 (Tex. App.—Waco 1994, orig. proceeding); *see also In re Kemper Lloyds Ins. Co.*, No. 12-05-00309-CV, 2006 WL 475436, at *3 (Tex. App.—Tyler Feb. 28, 2006, orig. proceeding) (mem. op.).[2] A party asserting that privacy rights protect information from disclosure must present evidence showing "a particular, articulated and demonstrable injury." *In re Crestcare Nursing & Rehab. Ctr.*, 222 S.W.3d at 73; *Kessell*, 872 S.W.2d at 841 (quoting *Garcia v. Peeples*, 734 S.W.2d 343, 345 (Tex. 1987)). Mere conclusory allegations that documents sought are "confidential" are insufficient to support a privacy claim. *See Kessell*, 872 S.W.2d at 841-42; *see also In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d at 226.

Page 13

We disagree with H.E.B's assertion that the trial court abused its discretion in ordering the production of the two incident reports. First, H.E.B. has not identified any information in the incident reports as protected by an applicable privacy right. *See generally* TEX. R. CIV. P. 192.3(c) (providing that a party may obtain discovery of the name, address, and telephone number of persons who having knowledge of relevant facts). The information in the incident reports is not among the interests, such as marital relations, procreation, contraception, family relationships, child rearing, and education, which have been afforded constitutional protection. *See Tarrant Cnty. Hosp. Dist.*, 734 S.W.2d at 679; *see also In re Columbia Valley Reg'l Med. Ctr.*, 41 S.W.3d 797, 802 (Tex. App.—Corpus Christi 2001, orig. proceeding) (en banc) (stating that medical records have been held to be within the constitutional zone of privacy). Although H.E.B. cites one case, *Texas Comptroller of Public Accounts v. Attorney General of Texas*, 354 S.W.3d 336 (Tex. 2010), for the proposition that privacy rights exist in dates of birth and addresses, we conclude that case is distinguishable insofar as it construes the Texas Public Information Act and balances the individual's right of privacy and the general public's right to information. *Id.* at 353.[3] This case, in contrast, presents an issue pertaining to discovery in civil litigation between two parties. *See Indus. Found. of the S.*, 540 S.W.2d at 679 ("It is also apparent that the right of privacy is primarily a restraint upon unwarranted governmental interference or intrusion into those areas deemed to be within the protected 'zones of privacy.'"). Thus, although information contained in other incident

Page 14

reports might, under some circumstances, be included within the protected zone of privacy, this is not such a case.

Second, even if we were to conclude that a zone of privacy protected the incident reports from disclosure, H.E.B. has failed to meet its burden of proof to establish the privilege in this case. Rather, H.E.B. has stated in a conclusory fashion that production of the incident reports would violate the individuals identified in the incident reports' right to privacy. Such conclusory allegations do not suffice to establish the privilege. *See In re Crestcare Nursing & Rehab. Ctr.*, 222 S.W.3d at 73; *Kessell*, 872 S.W.2d at 841. Moreover, H.E.B. has not presented prima facie evidence concerning the applicability of the privilege or evidence showing "a particular, articulated and demonstrable injury" would result from disclosure of the reports. *See In re Crestcare Nursing & Rehab. Ctr.*, 222 S.W.3d at 73; *Kessell*, 872 S.W.2d at 841; *see also Peeples*, 701 S.W.2d at 635; *In re Park Cities Bank*, 409 S.W.3d at 868; *In re USA Waste Mgmt. Res., L.L.C.*, 387 S.W.3d at 96. We overrule H.E.B.'s second issue.





In its third issue, H.E.B. contends that Rodriguez failed to meet his burden of showing why the production of incident reports containing individuals' private information was material, relevant, and necessary. In connection with this issue, H.E.B. asserts that a discovery order that discloses private information must be limited to material and relevant information to the case and Rodriguez failed to meet his burden to establish the necessity and the relevancy of disclosing the private personal information of the two customers identified in the incident reports when their accidents were not caused by the same instrumentality and were not sufficiently similar to Rodriguez's accident. We have already determined that the incident reports are relevant to Rodriguez's claims and that

Page 15

H.E.B. failed to meet its burden to establish that information in the reports is privileged. Accordingly, we overrule H.E.B.'s third issue.

### IV. CONCLUSION

We conclude that the trial court did not abuse its discretion in compelling discovery of the two incident reports. The trial court's order is narrowly tailored to limit discovery to a period of three years, to the specific store where the underlying injury occurred—to a specific area within that one store where the injury occurred—the parking lot, and to incidents concerning "trip and falls" which mirrors the specific type of incident at issue in this case. We further note that the trial court reviewed the incident reports in camera prior to making its determination regarding production.

Based on the foregoing, we deny the petition for writ of mandamus, and we lift the the stay previously imposed by this Court. *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided.").

DORI CONTRERAS GARZA
Justice

--------

Notes:

1. *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

2. We note that the San Antonio Court of Appeals has held that "[w]hen a party has properly objected to a request for production based on privacy rights, it is the burden of the party seeking production to show the information sought is material, relevant, and necessary." *See In re United Services Automobile Ass'n*, 76 S.W.3d 112, 115 (Tex. App.—San Antonio 2002, orig. proceeding) (concluding that the trial court abused its discretion in ordering the production of unredacted engineering reports). In so holding, the San Antonio court relied on *El Centro del Barrio, Inc. v. Barlow*, 894 S.W.2d 775 (Tex. App.—San Antonio 1994, orig. proceeding), which concerns the burden of proof relevant to the discovery of income tax returns. *See id.* at 779; *see also In re Sullivan*, 214 S.W.3d 622, 624 (Tex. App.—Austin 2006, orig. proceeding). The burden of proof for the production of income tax returns is unlike the burden relevant to other discovery requests, which is on the party resisting the discovery. *See In re Beeson*, 378 S.W.3d 8, 12 (Tex. App.— Houston [1st Dist.] 2011, orig. proceeding); *In re Patel*, 218 S.W.3d 911, 916 (Tex. App.—Corpus Christi 2007, orig. proceeding). Our case does not concern the production of income tax returns, and accordingly, we decline to follow the San Antonio Court of Appeals regarding its statement of the burden of proof. Moreover, even if we were to follow the San Antonio





Court of Appeals, we note that H.E.B. did not properly object to the request for production so as to shift the alleged burden of proof in this case.

3. In concluding that H.E.B. has not established a privacy right in the information contained in the incident reports, we nevertheless caution the parties to fully comply with the newly revised Texas Rule of Appellate Procedure 9 requiring the redaction of sensitive data in documents filed in civil cases. *See* TEX. R. APP. P. 9.9. In this regard, we note that sensitive data is specifically defined as including, inter alia, birth dates, home addresses, and the names of any persons who were minors when the underlying suit was filed. *See id.* 9.9(a)(3). We note that in this case, H.E.B. neither filed the subject incident reports under seal nor redacted the information that it claims is subject to a privacy right.

--------

