

CAUSE NO. **348 253604 11**

| | | |
|---|---|---|
| TAMMIE COSTA, | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| V. | | |
| | § | |
| WAL-MART STORES, INC., d/b/a Wal-Mart Supercenter Store #0940 and/or d/b/aWal-Mart and/or d/b/a Wal-Mart Supercenter, WAL-MART STORES TEXAS, LLC d/b/a Wal-Mart Supercenter Store #0940 and/or d/b/a Wal-Mart and/or d/b/a Wal-Mart Supercenter and/or d/b/a Wal-Mart Stores Texas 2007, LLC, and WAL-MART STORES EAST, INC. d/b/aWal-Mart Supercenter Store #2667 and/or d/b/a Wal-Mart and/or d/b/a Wal-Mart Supercenter | § § § § § § § § § § § § | TARRANT COUNTY, TEXAS |
| Defendants. | § | ____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION and REQUEST FOR DISCLOSURE

### TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES** TAMMIE COSTA (hereinafter sometimes "Plaintiff), complaining of and about WAL-MART STORES, INC. d/b/a Wal-Mart Supercenter Store #0940 and/or d/b/a Wal-Mart and/or d/b/a Wal-Mart Supercenter, WAL-MART STORES TEXAS, LLC d/b/a Wal-Mart Supercenter Store #0940 and/or d/b/a Wal-Mart and/or d/b/a Wal-Mart Supercenter and/or d/b/a Wal-Mart Stores Texas 2007, LLC, and WAL-MART STORES EAST, INC. d/b/a Wal-Mart Supercenter Store #2667 and/or d/b/a Wal-Mart and/or d/b/a Wal-Mart Supercenter (hereinafter sometimes "Defendants"), and for cause of action would show unto the Court the following:

*Plaintiff's Original Petition and Request for Disclosure – page 1*

## I. DISCOVERY CONTROL PLAN LEVEL

1.1. Plaintiff intends that discovery be conducted under Discovery Level 3. Plaintiff affirmatively pleads that discovery should be conducted under Level 3 of Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE. Plaintiff respectfully requests that the Court enter a Level 3 Discovery Order setting forth: (i) a date for trial; (ii) a discovery period during which either all discovery must be conducted or all discovery requests must be served; (iii) deadlines for amending or supplementing pleadings; and (iv) deadlines for designating expert witnesses.

## II. PARTIES AND SERVICE

2.1. Plaintiff, TAMMIE COSTA (hereinafter sometimes "COSTA"), is an individual who resides in Tarrant County, Texas. The last three digits of the TAMMIE COSTA'S driver's license number are 061, and the last three digits of her social security number are 974.

2.2. Defendant WAL-MART STORES, INC. d/b/a Wal-Mart Supercenter Store #0940 and/or d/b/a Wal-Mart and/or d/b/a Wal-Mart Supercenter (hereinafter sometimes "WAL-MART STORES"), a Nonresident Corporation, may be served pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code by serving the registered agent of the corporation, **CT Corporation System, at 350 N. Paul St. Suite 2900, Dallas, Texas 75201**, its registered office. Service of said Defendant as described above can be effected by personal delivery.

2.3. Defendant WAL-MART STORES TEXAS, LLC d/b/a Wal-Mart Supercenter Store #0940 and/or d/b/a Wal-Mart and/or d/b/a Wal-Mart Supercenter and/or d/b/a Wal-Mart Stores Texas 2007, LLC (hereinafter sometimes "WAL-MART TEXAS"), a Nonresident Limited Liability Company, may be served with process by serving the registered agent of said company, **CT Corporation System, at 350 N. Paul St., Suite 2900, Dallas, Texas 75201**, its registered office. Service of said Defendant as described above can be effected by personal

*Plaintiff's Original Petition and Request for Disclosure – page 2*


delivery.

2.4. Defendant WAL-MART STORES EAST, INC. d/b/a Wal-Mart Supercenter Store #0940 and/or d/b/a Wal-Mart and/or d/b/a Wal-Mart Supercenter (hereinafter sometimes "WAL-MART EAST"), a Nonresident Corporation, may be served pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code by serving the registered agent of the corporation, **CT Corporation System, at 350 N. Paul St. Suite 2900, Dallas, Texas 75201**, its registered office. Service of said Defendant as described above can be effected by personal delivery.

### III. JURISDICTION AND VENUE

3.1. The subject matter in controversy is within the jurisdictional limits of this court and, the amount in controversy is less than $75,000.00.

3.2 This court has jurisdiction over Defendants WAL-MART STORES, WAL-MART TEXAS and WAL-MART EAST, because said Defendants purposefully availed themselves of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendants, and the assumption of jurisdiction over Defendants WAL-MART STORES, WAL-MART TEXAS and WAL-MART EAST will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

3.3. Plaintiff would show that Defendants WAL-MART STORES, WAL-MART TEXAS and WAL-MART EAST had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant.

3.4. Plaintiff would also show that the cause of action arose from or relates to the

*Plaintiff's Original Petition and Request for Disclosure – page 3*

contacts of Defendants WAL-MART STORES, WAL-MART TEXAS and WAL-MART EAST to the state of Texas, thereby conferring specific jurisdiction with respect to said Defendants.

3.5. Furthermore, Plaintiff would show that Defendants WAL-MART STORES, WAL-MART TEXAS and WAL-MART EAST engaged in activities constituting business in the state of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in

3.6. Venue in Dallas County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## IV. FACTS

4.1. On or about July 14th, 2009, TAMMIE COSTA was entering the Wal-Mart Supercenter Store #0940 located at 6770 Westworth Boulevard, Westworth Village, Texas, during normal business hours. The Wal-Mart Supercenter store located at 6770 Westworth Boulevard, Westworth Village, Texas, where TAMMIE COSTA was shopping is owned and/or operated by Defendants WAL-MART STORES, WAL-MART TEXAS and/or WAL-MART EAST.

4.2. As COSTA was entering the store, she suddenly, and without warning, was struck by a shopping cart being pushed by a Walmart employee causing her injuries to her hip, thigh, ankle, low back and general body. At all times material hereto, there were no signs or other warnings posted to alert COSTA of the danger posed by carts or the employees collecting and pushing them.

4.3. As a result of the incident, COSTA sustained serious personal injuries, including injuries to her hip, back legs and general body. Following the incident at the subject premises, TAMMIE COSTA received treatment due to the severity of her injuries. COSTA'S doctors

identified several injuries which required medical treatment.

4.4. At all times material hereto, Defendants WAL-MART STORES, WAL-MART TEXAS and/or WAL-MART EAST were the owners and/or possessors of the premises located at 6770 Westworth Boulevard, Westworth Village, Texas. Further, at all times material hereto, Defendant WAL-MART STORES', Defendant WAL-MART TEXAS' and/or Defendant WAL-MART EAST's premises located at 6770 Westworth Boulevard, Westworth Village, Texas, was open to the public for transacting business. As owners and/or possessors, Defendants WAL-MART STORES, WAL-MART TEXAS and/or WAL-MART EAST had a duty to maintain the subject premises in a condition that would not pose an unreasonable of harm, including the area where Plaintiff was injured.

4.5. Defendants, as owners, possessors, controllers, occupiers and/or agents of said owners, possessors, controllers and occupiers of the premises located at 6770 Westworth Boulevard, Westworth Village, Texas, owed Plaintiff a duty to exercise reasonable care for her safety.

4.6. All of Plaintiff Costa's injuries occurred as a direct result of the incident that was proximately caused by the dangerous condition described herein, which Defendants knew or, in the exercise of ordinary care, should have known existed.

## V.
## PLAINTIFF'S CLAIMS OF RESPONDEAT SUPERIOR
## AGAINST WAL-MART STORES, WAL-MART TEXAS and WAL-MART EAST

5.1. Plaintiff realleges and incorporates the facts and allegations that are set forth in paragraph nos. 1-4.7 above as if same were set forth at length herein.

5.2. At the time of Plaintiff COSTA'S incident and her resulting injuries and

immediately prior thereto, various managers and employees were acting within the course and scope of their employment for Defendants WAL-MART STORES, WAL-MART TEXAS and/or WAL-MART EAST.

5.3. At the time of Plaintiff COSTA'S incident and her resulting injuries and immediately prior thereto, various managers and employees were engaged in the furtherance of Defendant WAL-MART STORES', Defendant WAL-MART TEXAS' and/or Defendant WAL-MART EAST'S business.

5.4. At the time of Plaintiff COSTA'S incident and her resulting injuries and immediately prior thereto, various managers and employees were engaged in accomplishing a task for which they were employed by Defendants WAL-MART STORES, WAL-MART TEXAS and/or WAL-MART EAST.

5.5. Plaintiff invokes the doctrine of *Respondeat Superior* as against Defendants WAL-MART STORES, WAL-MART TEXAS and/or WAL-MART EAST.

5.6. Defendants WAL-MART STORES, WAL-MART TEXAS and/or WAL-MART EAST, by and through their/its agents, servants and employees are liable to Plaintiff TAMMIE COSTA for failing to furnish sufficient warnings to make Plaintiff aware of the location of the location and position of the cart that struck her. Additionally, Defendants and/or it's employees where negligent in striking Costa with the shopping cart, there causing her injuries for failing to exercise reasonable care for Plaintiffs safety.

## VI. **LIABILITY OF DEFENDANTS FOR PREMISES LIABILITY AND NEGLIGENCE**

PREMISES LIABILITY

6.1. Plaintiff realleges and incorporates the facts and allegations that are set forth in

*Plaintiff's Original Petition and Request for Disclosure – page 6*

paragraph nos. 1-5.6 above as if same were set forth at length herein.

6.2. Defendants, at the time of the incident complained of herein, owned, possessed and/or maintained control of the subject premises and, as such, owed to Plaintiff a non-delegable duty to maintain their premises in a safe condition. Moreover, upon information and belief, Defendants as owners and/or possessors and/or as agents and/or employees of said owners and/or possessors of said premises, knew or should have known of the unreasonably dangerous condition created by the location and setup of the shopping carts on the subject premises, and Defendants neither corrected nor warned Plaintiff of the unreasonably dangerous condition.

6.3. Plaintiff did not have knowledge of the dangerous condition and could not have reasonably been expected to discover it prior to her injury. Defendants' creation of the dangerous condition, failure to correct the condition and/or failure to warn Plaintiff of the condition constitutes negligence, and such negligence was a proximate cause of the occurrence in question and Plaintiffs resulting injuries.

GENERAL NEGLIGENCE

6.4. Defendants, through their agents, servants and/or employees, were negligent on the occasion in question by: (1) causing and/or creating a dangerous condition to exist on the subject property in the form of a situation where customers could easily be struck by a shopping cart; (2) allowing a shopping cart to strike their customer when pushed by an employee collecting or arranging the carts; and, (3) failing to restrict access to the area while the carts were being collected or arranged by its employees, thereby creating a dangerous condition, when the Defendants' employee(s) knew or should have known that this would cause an unreasonable risk of harm for those persons attempting to enter the store.

6.5.  At all times mentioned herein, all agents, servants and/or employees of Defendants were acting within the course and scope of their employment or official duties and in furtherance of the duties of their employment. Thus, Defendants are responsible for all damages resulting from the negligent acts and/or omissions of their agents, servants and/or employees under the Doctrine of Respondent Superior.

6.6.  Plaintiff alleges that, upon the occasion in question, Defendants, through their agents, servants and/or employees, failed to use ordinary care by various acts and omissions in at least the following ways:

a.  Failing to exercise ordinary care in maintaining the premises in a reasonably safe condition;

b.  Failing to exercise reasonable care to reduce or eliminate the risk to invitees, such as the Plaintiff, of unreasonably dangerous conditions;

c.  Failing to warn invitees, such as the Plaintiff, of the unreasonably dangerous condition;

d.  Creating and causing an unreasonably dangerous condition to exist on the subject premises;

e.  Failure to use reasonable care in training their employees in locating, cleaning, preventing, removing and/or warning of unreasonably dangerous conditions;

f.  Failure to use reasonable care in supervising their employees to ensure they are competent in locating, preventing, removing and/or warning of unreasonably dangerous conditions; and

g.  Failure to recognize and correct a dangerous condition.

Each and all of the above stated acts and/or omissions, separately and/or collectively, constitute negligence and the same are the proximate cause of the injuries and damages sustained by Plaintiff.

*Plaintiff's Original Petition and Request for Disclosure – page 8*

## VII. PROXIMATE CAUSE

7.1. Plaintiff realleges and incorporates the facts and allegations that are set forth in paragraph nos. 1-6.6 above as if same were set forth at length herein.

7.2. Each and every, all and singular of the foregoing acts and omissions, on the part of Defendants, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## VIII. DAMAGES FOR PLAINTIFF

8.1. Plaintiff realleges and incorporates the facts and allegations that are set forth in paragraph nos. 1-7.2 above as if same were set forth at length herein.

8.2. As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendants' acts as described herein, Plaintiff, TAMMIE COSTA suffered serious injuries and sustained the following damages, the dollar value of which exceeds the minimum jurisdictional limits of the District Court and is less than $75,000.00:

A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the incident complained of herein and such charges are reasonable and were usual and customary charges for such services in the counties in which they were provided;

- B. Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;
- C. Physical pain and suffering in the past;
- D. Mental anguish in the past;
- E. Physical impairment in the past;

*Plaintiff's Original Petition and Request for Disclosure – page 9*

      F.     Loss of earnings in the past;

      G.    Disfigurement in the past;

      H.    Physical pain and suffering in the future;

      I.     Mental anguish in the future;

      J.     Physical impairment which, in all reasonable probability, will be suffered in the future;

      K.    Loss of earning capacity which will, in all probability, be incurred in the future; and

      L.     Disfigurement in the future.

8.3.   Plaintiff reserves the right to add to the list of damages that is set forth above upon further investigation.

8.4.   By reason of the above, Plaintiff, TAMMIE COSTA has suffered losses and damages in a sum within the jurisdictional limits of the Court, in an amount less than $75,000.00, and for which this lawsuit is brought.

## IX. MISNOMER, ALTER-EGO and ASSUMED NAME

9.1.   In the event any parties are misnamed or not included herein, it is Plaintiffs contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties names herein. Plaintiff relies upon Vernon's Texas Revised Civil Statutes Annotated, Art 6133, et seq., and Rule 28 of the Texas Rules of Civil Procedure in order to properly identify the corporate Defendants herein.

*Plaintiff's Original Petition and Request for Disclosure – page 10*

## X.
## DISCOVERY

10.1. Under Texas Rule of Civil Procedure 194, Plaintiff TAMMIE COSTA requests that Defendants disclose, within fifty (50) days of the service of this request, the information or material described in Rule 194.2(a-l).

## XI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff TAMMIE COSTA, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against the Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court and less than $75,000.00; together with pre-judgment interest (form the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

Oberg Law Office

By: *Gregg Oberg*
Gregg Oberg
State Bar No. 15161860
1839 Ridgeview Street
Mesquite, Texas 75149
Telephone  972/682-9700
Facsimile  469/854-2960

ATTORNEY FOR PLAINTIFF