

**EXHIBIT**

**K**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

JESUS MOLINA,                           §
        Plaintiff,                   §
                                      §
                                      §
vs.                                     §    **CIVIL ACTION NO. 5:18-cv-1273**
                                      §
WAL-MART STORES TEXAS, LLC,             §
and BRANDON SAN MIGUEL,                 §
        Defendants.                  §

### PLAINTIFF'S FIRST AMENDED PETITION

## TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Jesus Molina, hereinafter called Plaintiff, and files this, Plaintiff's First Amended Petition, complaining of and about Wal-Mart Stores Texas, LLC and Brandon San Miguel, hereinafter called Defendants, and for cause of action would show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.     Plaintiff intends that discovery be conducted under Discovery Level 3 of the Texas Rules of Civil Procedure. At this time however, the parties are operating under a Scheduling Order signed and entered by this Court on March 6, 2019.

### PARTIES AND SERVICE

2.     Plaintiff, Jesus Molina, is an Individual whose address is 12214 Mountain Pine, San Antonio, Texas 78254.

3.     The last three numbers of Jesus Molina's driver's license number are 665.

4.     Defendant, Wal-Mart Stores Texas, LLC, a Nonresident Limited Liability Company has already been served and filed an answer in the above entitled action and will also

Page 1 of 8

receive a copy of this pleading by and through their attorney of record using the electronic filing system.

5. Defendant, Brandon San Miguel, an Individual who is a resident of Texas, may be served with process at his residence located at the following address: 12403 Old Glory Avenue, San Antonio, Texas 78523. Service of said Defendant as described above can be effected by personal delivery.

## JURISDICTION AND VENUE

6. While Defendant, Wal-Mart Stores Texas, LLC, is a diverse party, diversity jurisdiction is no longer applicable in this case in that the other now named defendant is a Texas resident and resides in Bexar County, Texas.

7. Federal diversity jurisdiction under 28 U.S.C. § 1332 will no longer exist once the nondiverse Defendant, Brandon San Miguel, is served.

8. If the Court finds diversity jurisdiction still exists once Defendant, Brandon San Miguel, is served and files an answer into the above entitled case then Plaintiff will seek monetary relief well over the dollar amount required to maintain diversity jurisdiction.

9. If the Court finds diversity jurisdiction still exists once Defendant, Brandon San Miguel, is served and files an answer into the above entitled case, Plaintiff contends venue in the Western District of Texas-San Antonio Division is proper in this cause because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in Bexar County, Texas.

## FACTS

10. At all times material hereto, Defendant, Wal-Mart Stores Texas, LLC was the possessor in control of the premises located at 9427 Culebra Road, San Antonio, Texas 78251 and employer of the other named defendant in this case.

11.    At all times material hereto, Defendant, Brandon San Miguel, was an employee of Wal-Mart Stores Texas, LLC, was working within the scope of his employment and working in furtherance of his employer's goals when his negligence caused injury to Plaintiff.

12.    On or about July 2, 2018, Jesus Molina was an Invitee on property controlled by the Defendant, Wal-Mart Stores Texas, LLC, and was injured under the following circumstances: Jesus Molina was struck by a train of carts being pushed by Defendant, Brandon San Miguel, causing the Plaintiff to fall to the ground injuring himself.

## LIABILITY OF DEFENDANT WAL-MART STORES TEXAS, LLC

13.    On or about July 2, 2018 and at all times mentioned herein, Defendant Wal-Mart Stores Texas, LLC was the possessor of the property in question and either owned, occupied or maintained the premises located at 9427 Culebra Road, San Antonio, Texas 78251 as a grocery and retail goods store.

14.    At all times mentioned herein, Defendant, Wal-Mart Stores Texas, LLC, had such control over the premises in question that Defendant, Wal-Mart Stores Texas, LLC, owed certain duties to Plaintiff, the breach of which proximately caused the injuries set forth herein.

15.    On or about July 2, 2018, Jesus Molina was an Invitee on the premises owned by the Defendant when Jesus Molina was injured as a result of the acts and omissions of the Defendant.

## LIABILITY OF DEFENDANT WAL-MART STORES TEXAS, LLC
## FOR NEGLIGENT CONDUCT OF ACTIVITY ON THE PREMISES

16.    On the date that Jesus Molina was injured, Defendant, Brandon San Miguel, was conducting the regular activity of returning grocery carts to a location within the store for invitees to use while shopping.

17.    For a reason yet unknown to Plaintiff, Defendant, Wal-Mart Stores Texas, LLC,

Page 3 of 8

created a cart return area which restricts the view of the employee returning carts to the cart return area.

18.     Because of the restricted view for employees returning the carts to the cart return area the mere conduct of returning the carts creates a hazard for anyone standing within the cart return area.

19.     During the conduct of the regular business activity Wal-Mart Stores Texas, LLC, allowed their employee to act negligently by not keeping a proper lookout for customers, creating a hazard in the way the cart return area is designed and in how the carts are pushed into the cart return area.

20.     Defendant, Wal-Mart Stores Texas, LLC, failed to use a readily available and inexpensive design for their cart return area and or failed to conduct such cart return activity in a safe and reasonable manner.

21.     The failures of Defendant, Wal-Mart Stores Texas, LLC, detailed above created or perpetuated a danger to Jesus Molina and others, in that the failure to design a cart entryway with a less restrictive view, or to conduct the activity in a manner that kept a proper lookout for customers meant the grocery cart train could not be controlled properly to avoid striking invitees at that store location and as such, Defendant, Wal-Mart Stores Texas, LLC, allowed an unsafe condition to exist which caused Plaintiff's injuries.

22.     Jesus Molina was in fact injured by or as a result of the negligent conduct of that activity when the employee controlling the grocery cart train then did actually strike Plaintiff causing him to fall to the ground.

23.     The negligent, careless or reckless acts and omissions of Defendant, Wal-Mart Stores Texas, LLC, consisted of one or more of the following:

A.      Defendant failed to discover and remove the dangerous condition limiting the view of any employee pushing a long train of grocery carts within a reasonable time; and or

B.      Defendant failed to provide necessary and proper procedures for employees collecting and pushing long trains of grocery carts.

## LIABILITY OF DEFENDANT WAL-MART STORES TEXAS, LLC UNDER GENERAL NEGLIGENCE THEORY AND RESPONDEAT SUPERIOR

24.     Defendant, Wal-Mart Stores Texas, LLC, owed Jesus Molina and others similarly situated the duty to conduct their regular business activity in a reasonable and safe manner that did not create dangerous conditions to customers invited to their stores, to provide safe surroundings to those persons invited to the premises to conduct business, and to refrain from conducting inherently hazardous activities on the business premises while customers were present on the premises in a position where they might be harmed.

25.     Defendant, Wal-Mart Stores Texas, LLC, breached said duty by not outlining proper procedures for employees collecting and returning grocery carts to the grocery cart storage area; by not requiring two employees to collect and return grocery carts to the grocery cart storage area in order to avoid collisions like the one which injured the Plaintiff; and by not requiring the construction of a grocery cart storage area which allowed for a better view for the employees to see invitees and avoid collisions like the one that injured Plaintiff.

## LIABILITY OF DEFENDANT BRANDON SAN MIGUEL UNDER GENERAL NEGLIGENCE THEORY

26.     At all times mentioned herein, Defendant, Brandon San Miguel, was an employee of the Wal-Mart Stores Texas, LLC, was acting within the scope of his employment, and in furtherance of his employer's goal.

27.     At all times mentioned herein, Defendant, Brandon San Miguel, had such control over the grocery carts he was pushing in furtherance of his employment objectives, had a duty to

push the grocery cart train in a safe manner to avoid collisions with not only invitees but his fellow employees on his work site, and the breach of which duties proximately caused Plaintiff's injuries set forth herein.

## PROXIMATE CAUSE

28.     Each and every, all and singular of the foregoing acts and omissions, on the part of Defendants, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## DAMAGES FOR PLAINTIFF, JESUS MOLINA

29.     As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendants' acts as described caused, Plaintiff, Jesus Molina to suffer anxiety, pain, and illness resulting in damages more fully set forth below.

30.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Jesus Molina has incurred the following damages:

> A.     Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Jesus Molina for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Bexar County, Texas;
>
> B.     Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;
>
> C.     Physical pain and suffering in the past;
>
> D.     Physical pain and suffering in the future;
>
> E.     Physical impairment in the past;
>
> F.     Physical impairment which, in all reasonable probability, will be suffered in the future;
>
> G.     Fear of future disease or condition; and

H.      Cost of medical monitoring and prevention in the future.

31.     By reason of the above, Plaintiff, Jesus Molina has suffered losses and damages in

a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Jesus Molina, respectfully prays

that the Defendant, Brandon San Miguel be summoned to appear and answer herein, and that upon

a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and

severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-

judgment interest (from the date of injury through the date of judgment) at the maximum rate

allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further

relief to which the Plaintiff may be entitled at law or in equity.

RESPECTFULLY SUBMITTED,
POLING LAW, PLLC
1313 NORTHEAST LOOP 410, SUITE 100
SAN ANTONIO, TEXAS 78209
TEL. (210) 201-0303
FAX. (210) 686-3033

BY: _____

MARK POLING
TEXAS BAR NO. 24083669
EMAIL: MARK@POLING.LAW
ATTORNEY FOR PLAINTIFF
JESUS MOLINA

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

## Certificate of Service

I, Mark Poling, certify that the foregoing pleading was served on the following attorney of

record for Defendant, Wal-Mart Stores Texas, LLC by email on May 31, 2019:

James K. Floyd
Daw & Ray, L.L.P.
14100 San Pedro Avenue, Suite 302
San Antonio, Texas 78232
Phone (210) 224-3121
Fax (210) 224-3188
By email to jfloyd@dawray.com

_____
Mark Poling