IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FRANCES MLADAN AND | § | |
| MILOS MLADAN | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| V. | § | A-18-CV-603-AWA |
| | § | |
| WAL-MART STORES TEXAS, LLC | § | |
| **Defendant.** | § | |

## ORDER

Before the Court is Plaintiff's Motion for Leave to File Amended Complaint (Dkt. No. 25), and Motion to Compel Defendant, Wal-Mart Stores Texas, LLC, to Respond Adequately to Complainant's Requests for Discovery (Dkt. No. 26). Wal-Mart Stores Texas, LLC, has failed to file a Response to either motion.

## I. BACKGROUND

Frances and Milos Mladen sue Wal-Mart Stores, Texas, LLC based on an incident in which Frances Mlalden was injured when she was struck by a train of shopping carts in a Wal-Mart store. The Mladens filed their Original Complaint on July 18, 2018, and trial is set for September 30, 2019. The deadline to supplement or amend pleadings was March 1, 2019, and the discovery deadline was June 3, 2019.

In this motion, the Mladens seek leave to amend the scheduling order to permit them to file amend their complaint. They allege that "[t]he new complaint maintains the counts and allegations against the same Defendant from the Original Complaint, but accounts for factual developments learned through discovery in this matter, including information concerning other prior similar incidents and the addition of a cause of action for gross negligence and exemplary damages." Dkt.

No. 25 at 1. Plaintiffs attach the complaints from three other lawsuits in which other plaintiffs are suing for injuries caused by shopping carts. Plaintiffs also move to compel discovery from Wal-Mart, arguing that Wal-Mart failed to adequately respond to its First and Second Requests for Production. As noted, Wal-Mart has not responded to either motion.

## III. ANALYSIS

### A. Motion for Leave to Amend

Federal Rule of Civil Procedure 16(b)(4) states that a court-ordered deadline may be modified only for good cause and with the court's consent. FED. R. CIV. P. 16(b)(4). Courts consider four factors in deciding whether there is good cause: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003). A district court has "broad discretion to preserve the integrity and purpose of the pretrial order." *Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir. 1979). Only if the movant first satisfies the requirements of Rule 16(b)(4) must the court next determine whether to grant leave to amend under the more liberal standard of Rule 15(a)(2), which provides that "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2); *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016). Permissible reasons for denying a motion for leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id.* at 591 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The Mladens argue they have good cause for the late amendment because they just learned about the other incidents in which individuals were injured by shopping carts at other Wal-Mart stores. The other suits were filed in 2011 in Tarrant County, Dkt. No. 25, Ex. B, in 2015 in Maine, *Id.*, Ex. C, and in 2018 in the San Antonio Division of this court, *id.* at Ex. D. They argue these other incidents are the bases for their late-added claims for gross negligence and exemplary damages. The Mladens assert they were not dilatory as they moved to amend promptly upon learning the information supporting these new claims, and maintain that Wal-Mart will not be prejudiced by the amendment as it was aware of the other shopping cart. Lastly, the Mladens assert the amendment is not futile as Plaintiffs have stated a claim for relief for its newly added claims.

Wal-Mart has not responded to Plaintiffs' motion. Local Rule CV-7(e)(2) provides that "[i]f there is no response filed within the time period prescribed by this rule, the court may grant the motion as unopposed." Because Wal-Mart has failed to respond, and because Plaintiffs have shown good cause, the Motion for Leave to File Amended Complaint (Dkt. No. 25) is GRANTED.

**B.      Motion to Compel Discovery Responses**

The Mladens also move to compel responses to discovery. They served their First Request for Production on October 5, 2018. Wal-Mart responded on November 19, 2018. Plaintiffs' counsel wrote a letter to Wal-Mart dated December 6, 2018, outlining its perceived deficiencies in Wal-Mart's production. Wal-Mart supplemented its responses on January 24, 2019. Plaintiffs served their Second Request for Production on February 25, 2019. The parties were in contact on May 11, 2019, about Wal-Mart's failure to respond. Plaintiffs filed their Motion to Compel on June 21, 2019. Wal-Mart has failed to respond to the motion. Once again, Wal-Mart has failed to respond. Accordingly, Complainant Frances Mladen's Motion to Compel Defendant, Wal-Mart Stores Texas, LLC to

Respond Adequately to Complainant's Requests for Discovery (Dkt. No. 26) is GRANTED, and Wal-Mart is ordered to provide complete responses to the discovery requests identified in the Mladens' motion.

SIGNED this 6th day of August, 2019.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE